CHESTER C. CONANT, Judge of Probate, *vs.* DANIEL H. NEWTON & another.

Franklin. Sept. 17, 1878.—Jan. 7, 1879. ENDICOTT & SOULE, JJ., absent.

A bond given to a judge of probate by a person who is simply a trustee under an oral appointment, is not a valid probate bond; and the sureties on the bond are not estopped from setting up that defence by a recital in the bond that such person "had been duly appointed trustee."

The St. of 1873, *c.* 253, relating to bonds given in the Probate Court, where there is any want of jurisdiction in the court, is not retrospective.

A bond given to a judge of probate by a person who is simply a trustee under an oral appointment, and which is not a valid probate bond, is not good at common law, if the sureties on the bond signed it under a mistaken belief that the trustee was subject to the jurisdiction of the Probate Court.

CONTRACT against the sureties on a bond executed on October 4, 1870, by them, and by Joel S. Sanderson as principal, to the Judge of the Probate Court for the county of Franklin, in the sum of $15,000, and containing the following condition:

" The condition of this obligation is such that if the above bounden Joel S. Sanderson, who has been duly appointed trustee of the estate of Mary Ward, of Montague, in said county of Franklin, shall: First, make a true inventory of all the real estate, goods, chattels, rights and credits belonging to him as trustee, and which shall come to his possession or knowledge, and return the same into the Probate Court for the county of Franklin within three months, the judge having so directed; Second, dispose of and manage all such estate and effects, and faithfully discharge his trust in relation thereto according to law; Third, render an account, on oath, of the property in his hands, and of the management and disposition thereof, within one year, and at any other times when required by said court; and, Fourth, at the expiration of his trust, settle his accounts with said court, and pay over and deliver all the estate and effects remaining in his hands or due from him on such settle

ment, to the person or persons entitled thereto, according to law; then this obligation to be void, otherwise to remain in full force and virtue." The answer admitted the making of the bond, denied that Sanderson had ever been appointed trustee of the estate of Mary Ward, or that the judge of probate had any jurisdiction in the premises, and alleged that the bond was executed under a mutual mistake, it being supposed that some trust existed under the will of the father of Mary Ward which would give the judge of probate jurisdiction.

At the trial in this court, before *Soule*, J., the plaintiff offered to prove the following facts: Henry Ward, the father of Mary Ward, died in 1848, leaving a will, which was admitted to probate on August 28, 1849, in which he gave to Mary $5,000 to be paid to her, or her heirs or assigns, in eighteen months after his death, without any declaration of trust in the will. She was then of age and competent to act; but John S. Ward, son of the testator, and executor and residuary legatee, managed the legacy for her until his death in 1865. On December 5, 1865, Sanderson was appointed, on his own petition, and with the consent and desire of Mary Ward, trustee of her estate, by a decree of the Probate Court, having given bond to the judge of probate in the sum of $15,000, with the defendant Newton and George P. Haywood as sureties, and afterwards took the charge and management of the estate. On February 21, 1866, he filed in the Probate Court an inventory by which it appeared that the amount of the personal estate was $15,186.44. He rendered no further account until May 2, 1876. On October 3, 1870, Haywood, one of the sureties, died, and Sanderson filed in the Probate Court the bond in suit. On May 2, 1876, he filed his first and final account in the Probate Court, covering the whole period since his appointment, and showing a balance in his hands of $17,467.81; and on account of ill health, being unable to attend to the business, asked leave to resign the trust, which resignation the judge of probate accepted, to take effect with the allowance of his account. On May 9, 1876, William M. Smead was appointed trustee in place of Sanderson, and gave a bond to the judge of probate, receiving from Sanderson $4,905.45, as all of the assets of Mary Ward remaining in his hands. Sanderson converted to his own use or wasted the residue. Demand

was duly made upon Sanderson for the whole of the assets. Mary Ward died on August 9, 1877, and Smead was appointed her administrator. Sanderson also died in 1876, without having accounted to Mary Ward, or to anybody for her use, for any of the balance so converted or wasted by him; and no administration was taken out on his estate, he having left no property so far as known.

The defendants objected to the admission of all of the above evidence, to the papers filed and proceedings had in the Probate Court relating to the appointment of Sanderson as trustee, and his subsequent acts, on the ground that the judge of probate had no jurisdiction to make such appointment, or to exercise any authority over Sanderson as trustee, and that all such proceedings in the Probate Court were void. But the evidence was taken *de bene esse;* and it was admitted that these facts were true, if competent and material. The defendants testified, and it was conceded to be true, that, at the time of signing the bond, no question was suggested as to the validity of Sanderson's appointment; and that they supposed he had been duly and legally appointed by the judge of probate, if evidence to that effect was competent or material.

Upon this evidence and the above facts, the defendants contended that the bond was void; and that the action could not be maintained. The judge thereupon reserved the case for the determination of the full court. If, upon such of the above evidence as was competent and material, the action could be maintained, judgment was to be entered for the plaintiff, and the amount for which execution should issue to be ascertained on a hearing before a single judge. If the action could not be maintained, judgment was to be entered for the defendants.

*C. Delano & J. A. Aiken,* (*D. Aiken* with them,) for the plaintiff.

*C. Allen,* (*S. O. Lamb* with him,) for the defendants.

MORTON, J. It is clear that the bond in suit is not valid as a probate bond. Sanderson, the principal obligor, was not a trustee under a will or any written instrument. He was the trustee or agent of Mary Ward under an oral appointment. The Probate Court had no jurisdiction over the parties or the subject-matter. It had no authority to appoint Sanderson as trustee: it

had no power to require and take a bond, any more than it would have to require or take a bond for the performance or security of any oral agreement between parties. The plaintiff relies upon the St. of 1873, *c.* 253, as giving validity to this bond as a probate bond. Section 1 provides that "whenever an appointment of an executor, administrator, guardian or trustee, by any Probate Court, shall be vacated or declared void by reason of any irregularity, or want of jurisdiction or authority of the court making the same, the person so appointed such executor, administrator, guardian or trustee shall be held to account for all money, property or assets which shall have come to his hands as executor, administrator, guardian or trustee, or by reason of such appointment, in the same manner as if the appointment had been regular and valid; and any bond given in pursuance of such appointment shall be held to be valid and binding both on principals and sureties thereon, for that purpose."

We are not called upon to consider whether this statute applies to a case, like the present, where the Probate Court has no jurisdiction over the parties or the subject-matter, but in which all the proceedings are *coram non judice* and void. If it does, we are of opinion, that it cannot affect this case, because the bond in suit was executed before the statute was passed. The general rule of construction, that a statute is not held to be retrospective so as to affect the past transactions and fixed rights of the subject, unless such is clearly and unequivocally the intention of the Legislature, applies to this statute. To construe it as retroactive as to the sureties upon bonds, would be to hold that the Legislature intended to enlarge their liabilities and to create by statute and impose upon them different contracts from those into which they had voluntarily entered. This is not the necessary construction, and it is not to be presumed that such was the intention. *Fickett* v. *Durham*, 119 Mass. 159. *Hill* v. *Duncan*, 110 Mass. 238, and cases cited.

The ground taken by the plaintiff, that the recital in the bond that Sanderson had been duly appointed trustee of the estate of Mary Ward estops the defendants from now contending that it is not a valid probate bond, cannot be sustained. The obligee had no lawful authority to require or take the bond. A mis-

recital in the bond induced by a mutual mistake of fact cannot operate by way of estoppel to give validity to the bond.

The remaining question is whether the defendants can be held liable upon the bond in suit as a good bond at common law.

There are numerous cases in which bonds intended to be official or statutory bonds, but which varied in some respects from the requirements of the statutes, have been held to be valid and binding at common law. As stated in *Bank of Brighton* v. *Smith*, 5 Allen, 413, this is upon the principle " that, although the instrument may not conform to the special provisions of a statute or regulation in compliance with which the parties executed it, nevertheless it is a contract voluntarily entered into upon a sufficient consideration, for a purpose not contrary to law, and therefore it is obligatory on the parties to it in like manner as any other contract or agreement is held valid at common law." But this rule cannot be extended to cases in which, to hold the parties liable as upon a bond at common law would be to charge them with liabilities and obligations greater than or different from those which they assumed in the instrument executed by them.

In the case at bar, the bond was given with the belief and understanding that the Probate Court had duly appointed Sanderson trustee of the estate of Mary Ward, that it had jurisdiction over him, that it had the right to require him to account at any time, and to exercise over him the supervision and control which the law gives to the Probate Courts in cases of trustees duly appointed. The condition is, that Sanderson shall make and return a true inventory within three months; shall dispose of and manage the estate and faithfully discharge his trust in relation thereto according to law; shall render an account on oath within one year, and at any other time when required by said court; and shall at the expiration of his trust account for and pay over the estate to the person entitled thereto. It is manifest that all these provisions look to a due administration of the estate under the direction of the Probate Court according to the law.

But as the Probate Court had no jurisdiction whatever in the matter, the judge had no authority to require Sanderson to render an account, or to remove him for unfaithfulness, or to punish him for contempt in disobeying any orders, or generally

to exercise over him any control or direction, and it was legally impossible to perform the conditions of the bond according to its true spirit and meaning.

In order to hold the defendants liable as on a bond at common law, we must treat this bond as if its condition was solely that Sanderson should faithfully manage and pay over the estate in his hands to the person entitled to it. But this was not the obligation which the defendants intended or consented to assume. They intended to become liable as sureties for one who was under the jurisdiction of the Probate Court, and who in administering the estate must conform to the rules and practice of that court. To hold them bound as upon a voluntary contract to be responsible for a trustee not subject to the jurisdiction of the Probate Court would be to change the character of their contract and to increase their liability.

We are therefore of opinion that the defendants are not liable upon the bond in suit.        *Judgment for defendants.*