H. A. B. SUDDOTH, Respondent, v. WILLIAM S. BRYAN, Appellant.

St. Louis Court of Appeals, March 13, 1888.

ACTION—MONEY HAD AND RECEIVED.—An action for money had and received will lie, where the right arises under a special contract which has been fully performed, or where money is deposited upon a contract by which the depositee undertakes to do something, and the contract on his part is wholly unperformed. But it will not lie, where the contract has been in part performed, unless the unperformed parts are clearly apportionable. In such a case, the plaintiff must sue for a breach of the contract. The benefits, if any, which have accrued from the part performance, will go in reduction of the damages which the plaintiff will be entitled to recover.

APPEAL from the St. Louis Circuit Court, HON. DANIEL DILLON, Judge.

*Reversed and remanded.*

BOYLE, ADAMS & MCKEIGHAN, for the appellant:
If the failure of one party to perform his contract be
but partial, leaving a distinct part as a subsisting and
executed consideration, and leaving the other party his
action for damages for the part not performed, the con-
tract cannot be rescinded and treated as no longer affect-
ing the rights of the parties. *Frankling v. Miller*, 4
A. & E. 599. Where a contract is to be rescinded at all,
it must be rescinded *in toto* and the parties put *in statu*
*quo*, and where there has been a partial execution of
the contract it cannot be rescinded, and a suit will not
lie for monies had and received. *Hunt v. Silk*, 5 East,
249; *Reed v. Blandford*, 2 Y. & J. 278. One party to a
contract cannot retain the advantage he has gained by a
partial performance and consider the contract rescinded
because of the non-performance by the other party; but
he must do all the contract requires of him and seek his
remedy in damages. *McCrillis v. Carlton*, 37 Vt.;
*Edward v. Chapham*, 1 M. &. W. 231. The ability to
restore the other party to his *statu quo* is an absolute
condition precedent to the exercise of the right of
rescission. *Melton v. Smith*, 65 Mo. 315. One cannot
be permitted to retain a title acquired in performance of
an agreement and at the same time repudiate the agree-
ment. *Bibb v. Means*, 61 Mo. 284.

A. A. PAXSON and J. S. LAURIE, for the respond-
ent: The money sued for was deposited with appellant
as security to indemnify him against loss in the perform-
ance of the contract of publication, and upon his aban-
donment of said contract, respondent had the right to
treat the same as rescinded, and recover the deposit in
an action as for money had and received. The only
question presented in this case is one of pleading, appel-
lant's counsel insisting that respondent was limited to
an action of damages for breach of the contract. Appel-
lant's proposition in this behalf, as stated in his brief,

fails entirely, when we reflect that this money was not paid under a written contract, but only as security to protect appellant from loss in case he should perform said contract, and that a partial performance by appel-, lant was equivalent to no performance, because the contract was an entirety. 1 Story on Contracts, sec. 606. When a contract is entire, any failure of complete performance works a total failure of consideration. An entire contract is a contract the consideration of which is entire on both sides. 1 Story on Cont., sec. 26. Where the thing delivered was different from what was contracted for, or was not delivered in accordance with the terms of the contract, such delivery is not part performance ; and the plaintiff, upon failure of defendant to comply with the contract, may treat the contract as rescinded; and bring such action without a re-delivery or tender of what was so delivered. *Colville v. Besby*, 2 Denio, 139. Again, as appellant testified on trial that said books were entirely without value to him, it was unnecessary to return them. 1 Story on Cont., sec. 605 ; *Beeturn v. Burkholder*, 69 Pa. St. 249. The action of *assumpsit* for money had and received is less restricted and fettered by technical rules and formalities than any other form of action. It aims at the abstract justice of the case, and looks solely to the inquiry whether the defendant holds money which *ex aequo et bono* belongs to the plaintiff. *Claflin v. Godfrey*, 21 Pick. 6 ; *Fox v. Car Co.*, 16 Mo. App. 122. Where one receives money to hold upon a condition, or for a special purpose, and that purpose is not accomplished through his default, the money thus held is to the use of the party who paid it, and is recoverable in this form of action. *Carter v. Carter*, 14 Pick. 428 ; *Smith v. McCluskey*, 45 Barb. 616 ; *Hotchkiss v. Judd*, 12 Allen, 447 ; 4 Wait's Act. & Def. 501–2.

THOMPSON, J., delivered the opinion of the court.

This action is brought to recover the sum of eight hundred dollars, had and received by the defendant to

plaintiff's use. The answer, after a general denial, sets up a special contract between the plaintiff and the defendant, whereby the defendant agreed to publish a certain book for the plaintiff, to stereotype and to illustrate the same in a certain style, to print one thousand copies of the same, which one thousand were to be completed during the month of October, 1882 ; to publish the book through his agents, and to divide the net profits with the plaintiff. The book, embracing the stereotype plates, the plates for illustration, etc., was to be the property of the plaintiff. The contract also contained the following clause, upon the construction of which the case chiefly turns : "As security against loss in publishing said books, the said Mrs. Suddoth agrees to pay to the said W. S. Bryan, his heirs or assigns, the sum of one thousand dollars, one half—five hundred dollars—upon commencement of work upon said book, and the remainder—five hundred dollars—upon completion of the first edition of one thousand copies ; said one thousand dollars to be entered upon the books to the credit of said Mrs. Suddoth, and to be returned to her from the sales of said book after all expenses of publishing the same shall have been paid."

The plaintiff was to read a proof of the book, and was to have as many copies as she might need, at manufacturer's cost.

The answer avers a performance of the contract on the defendant's part, and a breach of it on plaintiff's part, in failing properly to prepare the manuscript for publication. It alleges that she did not, as required by the contract, pay the last five hundred dollars, but avers that, when the time "nearly came" for this payment, she represented to the defendant that she was unable to pay more than three hundred dollars of it, and that he would have to look to the proceeds of the sales of the book "for the balance of said security." It concludes as follows : "Whereupon, said book having already been published, this defendant seeing nothing else better

to do, agreed with said plaintiff that said contract should be modified in this : · That said defendant would accept said three hundred dollars, and would look to the proceeds of sales of books for securing the performance on his part of said contract, to which modification of said contract the said plaintiff assented. Said defendant says that he made every effort to sell said book and to make a profit out of the same, both for said plaintiff and this defendant, but was unable to do so, and that there was due to this defendant from said plaintiff at the institution of this suit, on account of the matters and things growing out of the performance of said contract, the sum of $107.50, as per statement of account herewith filed, marked exhibit A.''

The reply admitted the making of the contract, averred a performance of it on the plaintiff's part and certain breaches of it on the defendant's part; denied that it was subsequently modified upon the payment of the three hundred dollars, as stated in the answer, or that there was due from the plaintiff to the defendant the amount stated by way of counter-claim ; averred that only a portion of the first edition of one thousand copies of the book was completed; that they were not completed according to the terms of the contract, nor until the month of May, 1883, in consequence of which delay the plaintiff was put to great expense and loss; and avers that, ''in March, 1883, defendant falsely represented to plaintiff that he had completed said one thousand copies of said book according to his contract, and by means of said false representations induced plaintiff to pay him said three hundred dollars on account, which said false representations defendant knew to be false at the time he made them, but plaintiff did not discover their falsity until afterwards.''

The ground on which the defendant asks us to reverse this judgment is, that the plaintiff has mistaken her remedy in bringing an action to recover this money as money had and received by the defendant to her

use, but that her proper remedy is an action for the breach of the contract. Whether this is the proper view depends upon the construction of the clause of the contract above quoted, in connection with the other portions of it. If this money had been *paid* by the plaintiff to the defendant as a part payment, or an entire payment, for the performance of the undertaking on his part, this position would be well taken. But if the defendant undertook to perform a certain undertaking for the plaintiff, and if this money was deposited with him as an *indemnity* against any loss which might accrue to him from the *performance* of such undertaking, and he has failed to perform the undertaking, he has no right to appropriate or retain the money; for the condition upon which it was deposited with him has failed through his own *non-feasance*. Our view is, that the contract does not admit of the construction that the money thus paid by the plaintiff was to be deposited with the defendant until a final performance of the contract on his part and a sale of the books, and then returned to her if there was any profit in the sale. The contract itself, the receipts offered in evidence, and the testimony of the parties all tend to show that the money was to be used by the defendant in publishing the book. It was to be entered on his books to the credit of the plaintiff to be returned to her from the sales of the book after all the expenses of publishing the same should have been paid. The evidence on both sides concedes that there had been a part performance, and a very substantial part performance, on the part of the defendant. Stereotype plates and colored plates had been made by him, from which about five hundred copies of the book had been printed and published. They have been distributed and the plaintiff has had some benefit, at least in the form of the advertisement of her book, whatever that may be. She has received, sold, and distributed the copies which she was entitled to under the contract, and has also had that benefit, though possibly it may not have been great.

The present state of our law allows actions to be brought for money had and received where the right arises under a special contract which has been *fully performed.* *Mansur v. Botts*, 80 Mo. 651; *Plummer v. Trost*, 81 Mo. 430; *Fox v. Car Co.*, 16 Mo. App. 127; *Crump v. Rebstock*, 20 Mo. App. 39; *Suits v. Taylor*, 20 Mo. App. 174. We presume that the right to maintain a similar action exists where money is deposited upon a contract by which the depositee undertakes to do something and the contract on his part is *wholly unperformed.* But we do not understand that an action in this form can be maintained where the contract has been in part performed, unless the unperformed parts are clearly apportionable. In such a case the plaintiff must sue for a breach of the contract. The benefits, if any, which have accrued to her from the part performance will go in reduction of the damages which she will be entitled to recover. She will thus recover, what the law aims to give in most cases, *compensation* for the real loss which she has suffered through the failure of the defendant to perform his contract in its entirety according to its terms.

Judge Rombauer concurring, the judgment will be reversed and the cause remanded.