CANTON INSTITUTION FOR SAVINGS *vs.* DANIEL W. MURPHY
& others.

Norfolk. January 25, 1892. — May 9, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Savings Bank Bond — Liability of Sureties.*

Where the object of a bond given to a savings bank by the executor of a will was simply to save the bank harmless if it should appear that the executor was not entitled to the deposit which had been paid to him, it was *held*, in an action against the sureties on the bond, that it would be imposing on them a liability not warranted by the facts, or by a reasonable construction of the instrument, to hold them liable for the payment of another person's money by the bank through its own mistake to the executor; and it might even be doubted also whether the bond was not void on account of the mistake under which the parties to it labored as to the existence of the deposit to which it related.

ACTION OF CONTRACT upon an indemnity bond given to a savings bank by Daniel W. Murphy, as principal, and Newell S. Atwood and Berthier R. Ballou, as sureties. The defendant Murphy was defaulted. The bond recited that Ellen Murphy at the time of her decease had deposited in the plaintiff institution for savings a certain sum of money; that Daniel W. Murphy, her executor, was unable to find the deposit-book, and was desirous of drawing the deposit; and provided that Murphy should indemnify the plaintiff corporation "from and against any and all claims of any other person or persons" to the deposit, etc.

It appeared in evidence that Ellen Murphy of Stoughton, the testatrix, had in her lifetime an account with the plaintiff, beginning March 30, 1871, and closed on October 5, 1883, by the payment of the balance due her; that there was also upon the books of the plaintiff another account, also in the name of Ellen Murphy of Stoughton, opened on December 16, 1879, and still open at the giving of the bond sued on; that the full name of the last named depositor was in fact Ellen L. Murphy, but the plaintiff did not know this until 1889; that Ellen Murphy, the testatrix, died soon after her account was closed, and upon demand made upon the plaintiff by the defendant Murphy, who supposed that the testatrix had an open account with the plaintiff, and

that the pass-book was lost, found the open account standing on its books in the name of Ellen Murphy, but in fact belonging to Ellen L. Murphy, and paid the amount thereof to the defendant Murphy, and took for security the bond sued on; that afterwards, in 1889, Ellen L. Murphy appeared, produced the pass-book containing the account as paid to Ellen Murphy, proved property to the same, and the plaintiff paid her the amount thereof; and that at the time, and also when the bond was given, the plaintiff had in its possession the deposit-book of Ellen Murphy, but did not discover it till after the money was paid.

*Aldrich,* J. directed a verdict for the defendants Atwood and Ballou. If such direction was right, judgment was to be entered upon the verdict; if wrong as to either or both of the defendants, then judgment was to be entered for the plaintiff accordingly.

*H. F. Buswell,* for the plaintiff.

*O. A. Marden,* for Atwood.

*G. W. Wiggin,* for Ballou.

MORTON, J. The bond related to a deposit supposed to belong to the estate of Ellen Murphy, of whose will the principal on the bond, Daniel W. Murphy, was executor. The bank-book containing the deposit was believed to have been lost. The parties to the bond all proceeded on the ground that the deposit belonged to Ellen Murphy. The object of the bond was not to protect the bank against the payment of the money, if it should turn out that it never belonged to Ellen Murphy, for no question of that kind was raised, but to save the bank harmless in case it should appear that for any reason Murphy was not entitled to it as executor. The bond was not a general bond of indemnity. This appears from the recitals and conditions, as well as from the circumstances under which it was given, and we think it would be imposing on the sureties a liability not warranted by the facts, or by a reasonable construction of the instrument, to hold them liable for the payment of another person's money by the bank through its own mistake to Murphy. The sureties did not agree to indemnify the bank against its own error.

It may be doubted also whether the bond is not void on account of the mistake under which the parties to it labored as

to the existence of the deposit to which it related.  *Rice* v. *Dwight Manuf. Co.* 2 Cush. 80.  *Spurr* v. *Benedict,* 99 Mass. 463.  *Conant* v. *Newton,* 126 Mass. 105.

*Judgment on the verdict.*