·ERNEST WEBER, Respondent, v. E. E. SQUIER *et al.*, Appellants.

**St. Louis Court of Appeals, December 6, 1892.**

1. **Sales:** NOMINAL DAMAGES. When the vendee under an executory contract for the sale of personalty sues the vendor for non-delivery of the articles sold, he may recover nominal damages in the absence of evidence of his actual damages.·

:2. ——: NON-DELIVERY BY VENDOR: DAMAGES: PLEADING. *Semble* that, if such vendee has paid earnest money on account of the articles not delivered by the vendor, he may plead and recover the same as damages for the breach of the contract by the vendor.

:3. **Pleading:** REQUISITES OF EACH OF SEVERAL COUNTS. Each count in a petition must stand as an independent statement, and each must contain all the allegations necessary to the statement of a cause of .action. When there are several counts, mere matter of inducement need not be restated; but all constitutive facts must be stated in each .count.

4. **Practice, Trial:** EFFECT OF REVERSAL OF JUDGMENT ON APPEAL. *Held, arguendo,* that, when the petition in an action at law consists. of several counts for different causes of action, and the judgment in the cause is reversed on appeal therefrom for error in the trial under one count, and the cause remanded for retrial, the entire judgment: is vacated, and the retrial must be under all the counts.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED.

*Geo. E. Smith,* for appellants.

No brief filed for respondent.

BIGGS, J.—The amended petition, upon which this case was tried, reads: "Plaintiff states that the defendants are, and at the times hereinafter stated were, copartners; that heretofore, to-wit, on the thirty-first day of July, 1890, in the city of St. Louis, the defendant sold to plaintiff and agreed to deliver to him during the month of August, 1890, twenty-six (26) carloads. of ice, of the average weight of fifteen (15) tons per carload; that the defendants further agreed to ship said ice at such times that the plaintiff would receive one (1) carload thereof at St. Louis, Missouri, on each and every day during the month of August, excepting Sundays; that defendants further agreed that said ice should be delivered free on board the cars at La Crosse, Wisconsin; that plaintiff should pay therefor the price of four dollars ($4) per ton; and the said defendants. further agreed to refund to plaintiff the sum that he might pay for freight on said ice from La Crosse to St. Louis in excess of three dollars ($3) per ton.

"Plaintiff further says that he performed his part of said contract, and was ready and willing, on every day during the month of August, excepting only

Sundays, to receive and pay the freight as aforesaid on the ice which defendants had agreed to ship to him; but that the defendants failed to perform and fulfill their said contract in this, that they delivered to plaintiff only three (3) carloads of ice, one of which was delivered on the ninth day of August, 1890, one on the fourteenth day of August, 1890, and one on the sixteenth day of August, 1890, and that they failed and refused to deliver to plaintiff any ice excepting on the said three days.

"Plaintiff further says that the market value in St. Louis of ice such as he was entitled to receive from the defendants on the days when they failed to deliver the same to him, as they were bound to do under their contract, was ten dollars ($10) per ton, and that, by reason of the breach of contract as aforesaid on the part of defendants, he suffered a loss of three dollars ($3) per ton on three hundred and forty-five (345) tons of ice, amounting to one thousand and thirty-five dollars ($1,035), for which sum he asks judgment against the defendants.

"Plaintiff for another and further cause of action against the defendants says that, upon the making of said contract with the defendants, he paid to them the sum of two hundred and forty dollars ($240) as earnest money on account of said contract, which sum has never been returned to him, and he, therefore, asks judgment for said sum of two hundred and forty dollars ($240)."

The answer was a general denial. The cause was submitted to the court without the intervention of a jury, and the court found for the plaintiff on the first count for one cent, and also on the second count for $116. The defendants have appealed, and claim that the court committed error: *First,* in admitting evidence in support of either count; *second,* in refusing to

rule on objections to evidence, when made at the trial; *third*, in refusing to grant a new trial for various reasons therein stated.

The judgment of the court on the first count was authorized by the evidence. The court held, and properly so, that the count averred a contract of delivery at La Crosse, and the written contract which was read in evidence conclusively showed this. There was no evidence of the market value of the ice at La Crosse at the date of the delivery; but, notwithstanding this, the plaintiff was entitled to nominal damages on this count, because his uncontradicted evidence showed a failure by the defendants to deliver more than three carloads of ice under their contract. The objection to the introduction of any evidence under this count, for the reason that plaintiff did not therein claim any damage for non-delivery at La Crosse, was properly overruled. The plaintiff was entitled to nominal damages, if he proved a breach of the contract. We do not think that the defendants were prejudiced by the action of the court in respect of this count.

The judgment on the second count must be reversed for the reason that the count fails to state a cause of action. The plaintiff, as it appears by his evidence, attempted to state a cause of action for money had and received. But no obligation to pay the money is shown to exist. The count uses the words, "said contract," but the particulars of the contract are not stated. Its date, consideration and subject-matter are not shown, and it is impossible to tell to what contract the plaintiff refers. Each count in a petition must stand as an independent statement, and each must contain all the allegations necessary to the statement of a cause of action. Bliss on Code Pleading, sec. 121; *Russell v. Railroad*, 83 Mo. 507; *Clark v. Iron Co.*, 9 Mo. App. 446. When there are several counts, mere matters of inducement need

not be restated *(Aull Savings Bank v. City of Lexington,* 74 Mo. 104), but all constitutive facts must be stated in each count.   Under these authorities we think that the second count stated no cause of action whatever.   This necessarily leads to a reversal of the judgment.

In view of a probable retrial, we think it proper to say that we see no necessity for the second count. There are some legal difficulties in the way of recovering under it by reason of the contract having been partially performed.  *Suddoth v. Bryan,* 30 Mo. App. 37.   But we can see no valid reason why the plaintiff cannot be made whole under the first count which declares on a breach of the special contract.   It seems to us that, under proper averments in this count, he could recover any loss he may have sustained on account of the breach, including the amount of purchase money advanced in excess of the contract price of the ice delivered.   This could be done by amendment of the first count, which the plaintiff under the record before us has the clear right to make.   Nor is the fact, that the plaintiff has not appealed from the judgment on the first count, any bar to a subsequent recovery for substantial damages thereon, since the entire judgment is vacated.

With the concurrence of the other judges, the judgment will be reversed, and the cause remanded. It is so ordered.