GEORGE A. BLANEY & another, trustees, *vs.* JAMES P. ROGERS & another.

Suffolk.    January 25, 1899. — September 20, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Bond — Mutual Mistake of Fact — Estoppel — Contract — Evidence.*

Where the recital as to the existence of buildings upon certain land in a bond conditional that the buildings "shall be finished in a good and workmanlike manner," is induced by a mutual mistake of facts without any fault or negligence on the part of the surety, the recital cannot operate by way of estoppel to give validity to the bond, and being untrue in fact, there is nothing left to which the condition of the bond can attach, and there is no binding contract; and in an action on the bond, the agent of the surety, which is a corporation, may testify that he would not have executed the bond if he had not believed the recital to be true, and evidence of what the principal said and did is competent for the purpose of showing the circumstances under which the surety signed the bond, and that the latter was misled and acted in good faith, as is also evidence of the agent of the surety as to what he relied upon in executing the bond.

CONTRACT, upon a bond executed by the first named defendant as principal and by the other as surety. Trial in the Superior Court, without a jury, before *Sheldon,* J., who ruled that the action could not be maintained; found for the defendant surety; and, with the consent of the parties, reported the case for the determination of this court. The facts appear in the opinion.

*C. F. Jenney & G. A. Blaney,* (*S. Robinson* with them,) for the plaintiffs.

*E. P. Carver & E. E. Blodgett,* for the defendant surety.

MORTON, J. This is an action to recover damages for the breach of a bond conditioned amongst other things that certain buildings "shall be finished in a good and workmanlike manner." The writ was brought against one James P. Rogers, the principal on the bond, and the City Trust Safe Deposit and Surety Company, as surety. There was no service on Rogers, and the action has been discontinued as to him, and is defended by the surety company alone. The case was heard by the court without a jury. The presiding justice ruled that the action could not be maintained and found for the defendant. The case comes here on report. If the ruling and finding were wrong, the finding is to be set aside and judgment entered for the penal sum of the bond with interest, and execution is to issue for such sum as in the opinion of this court the plaintiffs are entitled to recover.

It is evident that down to the time when Rogers went to the surety company in regard to the bond, the surety company was a total stranger to the dealings and transactions between Rogers and the plaintiffs, either through Mr. Robinson, their attorney, or in any other way. It had had nothing to do with the mortgages which the plaintiff had taken from Rogers, or with the misrepresentations that Rogers made to Mr. Robinson, and it was not till after Rogers of his own volition had applied to Mr. Robinson for the payment of the balance due on the mortgages, and he had agreed to pay it over on receiving a satisfactory bond from a surety company, that Rogers went to the surety company. It is clear that in going to the surety company Rogers acted in his own behalf and not as agent of the plaintiffs or of Mr. Robinson. In consequence of representations made by Rogers the agent of the surety company agreed to execute the bond upon receiving sufficient collateral to indemnify it, and "told the defendant Rogers to have Mr. Robinson draw the bond and bring it back to the company, and that it would execute the same as surety." Thereupon Rogers went to Mr. Robinson " and said that the company was unwilling to prepare the bond ; that he, Rogers, did not know how to draw a bond, and requested Mr. Robinson to prepare it for him," which he did, relying on " his own prior knowledge and supposed knowledge of the circumstances and facts, and relying upon his own knowledge of such facts ob-

tained by former representations of said Rogers and by his own examination made before the mortgages were taken." Mr. Robinson was paid by Rogers, who took the bond .to the surety company, and "reported that the bond had been drawn by the attorneys for the plaintiffs, Messrs. Blaney and Robinson." It was executed in the name of the company by its general agent, who relied, as he testified, " upon the statement of facts contained in the bond and upon the security which Rogers had given him, and upon the representations made by the said Rogers in relation to the property, and also relying on the fact that the bond was drawn and the recitals in question were inserted by the attorneys for the plaintiffs, who had already accepted mortgages upon said premises after an examination, and had advanced all but the last payment due under the same ; and also relying upon the truth of the recitals of fact contained in the bond both as to the mortgages and as to the existence of buildings in process of erection upon said premises." He also testified that " he would not have executed said bond had he not believed those recitals to be true." Some time afterwards it was discovered that the mortgages were not upon the lots of land which had been pointed out by Rogers to Mr. Robinson as the ones on which he desired to obtain the mortgages, and on which there were buildings in the process of erection, but upon vacant lots of land near those on which there were not then, and have not been at any time since, buildings in the process of erection. When he drew the bond, and for a long time afterwards, Mr. Robinson believed the facts stated in the recitals to be true.

We think that it was competent for the court to find, and for aught that appears it did so find, that in going to Mr. Robinson to get him to write the bond Rogers was acting on his own behalf and not as agent of the surety company. The surety company did not pay Mr. Robinson, and what the agent told Rogers in regard to having Mr. Robinson draw the bond well may have been regarded by the court not as a direction to Rogers to employ Mr. Robinson in behalf of the company, but as an expression of confidence in Mr. Robinson and of a preference that the bond should be drawn by one who knew the facts. Even if it were otherwise, and Mr. Robinson could be properly regarded in drawing the bond as the agent of the surety company, the

result, we think, would be the same. The case seems to us to be one where the recital was induced by a mutual mistake of fact without any fault or negligence on the part of the surety company, and in such a case the recital cannot operate by way of estoppel to give validity to the bond. *Conant* v. *Newton,* 126 Mass. 105. *Brooke* v. *Haymes,* L. R. 6 Eq. 25.

The recital being ineffectual as an estoppel, and untrue in fact, there is nothing left to which the condition can attach. The parties were left by the fraud of Rogers in the position of having contracted with reference to something which they mutually supposed existed, but which did not exist. There was therefore no binding contract. *Rice* v. *Dwight Manuf. Co.* 2 Cush. 80, 86. *Conant* v. *Newton,* 126 Mass. 105. *Goode* v. *Riley,* 153 Mass. 585. *Canton Institution for Savings* v. *Murphy,* 156 Mass. 305. *Griggs* v. *Moors,* 168 Mass. 354, 362.

It was competent for the agent of the surety company to testify that he would not have executed the bond if he had not believed the recitals to be true. *Spurr* v. *Benedict,* 99 Mass. 463. Evidence of what Rogers said and did was competent for the purpose of showing the circumstances under which the surety company signed the bond, and that it was in fact misled and that it acted in good faith. The testimony of the agent as to what he relied on in executing the bond was also competent.

It is not necessary to consider the demurrer.

*Judgment for the defendant affirmed.*