(41 Misc. Rep. 119.)

CULLINAN, State Com'r, v. FIDELITY & CASUALTY CO. OF NEW YORK et al.

(Supreme Court, Trial Term, Madison County.   June, 1903.)

1. INTOXICATING LIQUORS—LIQUOR TAX BOND—ERROR IN APPLICATION AND BOND—DEFENDANT.

Where defendant conducted a hotel at No. 257 Main street, in which he sold liquor in violation of the liquor tax law, it was no defense to the action on his bond for such violation that the application for defendant's liquor tax certificate and his bond incorrectly stated that the place of traffic was No. 256 Main street, which was a vacant lot on the opposite side of the street from the hotel.

2. SAME—WAIVER OF OBJECTION.

Where in an action on a liquor tax bond the complaint alleged violation of the statute as occurring at No. 257 Main street, and the surety's answer, after admitting that the principal conducted a hotel "at the place mentioned in the complaint," alleged that the sales made were legal, it thereby waived an objection that the application and bond incorrectly stated the place of traffic.

3. SAME—COMPLAINT—ALLEGATION OF INDEBTEDNESS.

Where plaintiff in an action on a liquor tax bond against a liquor seller and his surety alleged violation of the conditions of the bond by both defendants, and then stated that the surety had become liable to the people of the state on whose behalf plaintiff prosecuted the action, as previously set forth, for the penalty of the bond, and is therefore indebted to the people in the sum of $600, the complaint contained a sufficient allegation of indebtedness and nonpayment.

Action on liquor tax bond by Patrick W. Cullinan, State Commissioner of Excise, against the Fidelity & Casualty Company of New York, impleaded with Henry Bowers.   Judgment for plaintiff.

Francis C. Allen (A. O. Briggs, of counsel), for plaintiff.

Nadal & Carrere (Eugene A. Rowland, of counsel), for defendant corporation.

FORBES, J.   This action is brought on a bond given by said corporation as surety for the defendant Henry Bowers.   On the 26th day of April, 1902, Bowers made an application, under subdivision 11 of section 17 of the liquor tax law (Laws 1896, c. 112, as amended by Laws 1897, c. 312, and Laws 1900, c. 367), for a liquor tax certificate; stating as his residence and place of business No. 256 Main street, Oneida, N. Y., on premises owned by John C. Herkimer; stating that liquors were to be sold "in the second room, first floor, south side or end of said building, and that said premises were to be continuously occupied for such traffic in liquors, and as a hotel"; that no other business was to be carried on by the applicant or by another in any room adjoining the room in which the traffic in liquors was to be carried on.   This petition, otherwise in due form, was duly presented to Joel J. Parker, as treasurer of the county of Madison,.

upon said Bowers' application for a certificate under the liquor tax law. Said petition was duly verified by Bowers on the 25th day of April, 1902. At the same time and place the said Bowers presented to said Parker the bond of the defendant corporation as surety for said Bowers, the principal therein named, as an indemnity against any violation of said liquor tax law. Said bond was accepted with the application. Both were duly filed in the office of said county treasurer on the 26th day of April, 1902. The defendant thereafter having violated some of the provisions of said liquor tax law—specifically pointed out by the complaint in this action—an action was commenced against these defendants, jointly, to recover the penalty of the bond so executed by said corporation with said Bowers to the people of the state of New York. Issue was joined in said action by the answer of the defendant corporation. The principal, Henry Bowers, did not appear or answer in said action, and is in default. Said action being upon the calendar of a regular trial term held in said county, the same was brought on and duly tried before the court with a jury. At the close of the evidence, a motion was made by each party for direction of a verdict in its favor. The jury was discharged, and the case was duly submitted to the court. The defendant corporation, by its counsel, asked for a dismissal of the complaint and for a nonsuit therein, first, upon the ground "that plaintiff has failed to make out a case against this defendant on the bond in question"; second, "that he has failed to prove facts constituting a cause of action against this defendant"; third, "that this defendant is not liable for any violations of the liquor tax law alleged in the complaint herein, to support which evidence has been given as occurring at No. 257 Main street, in the city of Oneida, or on any premises elsewhere than at No. 256 Main street, in the city of Oneida"; fourth, "that the evidence fails to show any breach of the bond in suit, or one for which the defendant is liable." At the close of the trial the further question was raised "that the evidence, uncontradicted, shows that there had been no violation of the conditions of the bond; second, that the evidence does not show that the obligation under said bond had not been paid and satisfied, and that there was no proof, under the complaint, to show that the corporation was indebted to the plaintiff." No evidence was given on the part of the defendant corporation. Therefore there is no dispute of the facts established by the evidence upon the trial.

The application to the county treasurer, the tax certificate issued, and the bond executed were introduced and received in evidence. The evidence also shows that the defendant Bowers carried on business as a hotel keeper at No. 257 Main street, in the city of Oneida, N. Y., and at no other place. His application for a certificate under the liquor tax law erroneously states his residence to be No. 256 Main street. The principal also designated, in said bond, No. 256 Main street as the place for the traffic in liquors under said certificate. No. 256 Main street is a vacant lot across the street, opposite to the place where said hotel is in fact located, and where liquor was sold under said liquor tax certificate. The liquor tax law seems to contemplate that the person applying for the liquor tax certificate shall

disclose the place of his residence, and the place where the traffic in liquors is to take place. The object of the bond is, however, to guard against a violation of the liquor tax law; the violation running against the person who sells, not necessarily against the place where such traffic is conducted. Matter of Lyman, 160 N. Y. 96, 54 N. E. 577. The certificate is in the nature of a property right, which the bond is given to secure. A forfeiture of that right, by the terms of the bond itself, creates a liability against the surety. Matter of Lyman, 40 App. Div. 46, 57 N. Y. Supp. 634, affirmed in 160 N. Y. 96, 54 N. E. 577, modified in other respects in 161 N. Y. 119, 55 N. E. 408; Matter of Lyman, 59 App. Div. 217, 69 N. Y. Supp. 309, affirmed without opinion in Cullinan v. Fidelity & Deposit Co., 67 App. Div. 623, 74 N. Y. Supp. 1123. If there is any confusion or mistake, that mistake was made by the principal, for whom the surety stands. That mistake was made by the defendants, without any fault on the part of the plaintiff. The bond is an indemnity to the people against any violation of the liquor tax law.

While it is true that the surety can only be held by the strict undertaking in his bond, still it will not do to hold that no recovery can be had because the principal has designated the wrong place, when the evidence shows that it was purely his mistake. City Trust Co. v. American Brewing Co., 174 N. Y. 486, 67 N. E. 62. The defendant corporation adopted and followed the mistake made by its principal, and it cannot take advantage of its own wrong. The defendant corporation must be held to have adopted the instrumentalities through which the certificate was obtained. Bennett v. Judson, 21 N. Y. 238; Mayer v. Dean, 115 N. Y. 556, 22 N. E. 261, 5 L. R. A. 540; Rumsey v. Briggs, 139 N. Y. 323, 34 N. E. 929.

Bowers certainly had no hotel upon the vacant lot, No. 256. He was then occupying, and, under the certificate granted to him, he was engaged in the liquor traffic in, the hotel designated in the application, wherein he described the hotel, the room in which the traffic was to be carried on, and that portion of the house in which liquors were to be sold. That number was in fact 257 Main street. Therefore the defendant corporation ought not to be exempt from liability for a mistake made by its principal and adopted by itself, thereby inducing the plaintiff to issue said certificate.

Passing beyond the alleged mistake, the complaint specifically shows—

"That at all times hereinafter mentioned the said defendant Henry Bowers was the owner and holder of said liquor tax certificate No. 21,292, and was carrying on the business for which said liquor tax certificate was issued at No. 257 Main street, city of Oneida, N. Y., there being no building upon the premises known as the lot No. 256 Main street, in said city of Oneida, N. Y., and the bond hereinbefore described was continued in full force and virtue."

The third paragraph of the answer, for a further and separate defense alleges:

"Henry Bowers maintained and conducted at the place mentioned in said complaint a hotel, as defined in section 31 of the liquor tax law [Laws 1897, p. 233, c. 312], and that all sales of liquors made at said hotel on any Sunday during the term of said bond were made to guests of such hotel, as defined by section 31 of the liquor tax law, with their meals."

This clause in the answer must be regarded as an admission on the part of the defendant corporation that the liquor tax certificate was in force at No. 257 Main street, the actual place where said traffic was carried on, and that the bond was intended as an indemnity to the people against the violation at that place of the conditions undertaken by defendant corporation upon its bond; and it cannot now take advantage of the question raised by a denial of its liability to the plaintiff. Getty v. Town of Hamlin, 46 Hun, 1; Hamilton v. Dininny, 81 Hun, 52, 30 N. Y. Supp. 519; Paige v. Willet, 38 N. Y. 28; Publishing Co. v. Steamship Co., 148 N. Y. 39, 42 N. E. 514.

The defendant's counsel also, at the close of the evidence, moved—

"That the complaint be dismissed for a failure to prove upon the trial facts constituting a cause of action against this defendant; second, the complaint does not allege, nor did the plaintiff prove upon the trial, the fact of nonpayment of the sum demanded in the complaint, either by the principal or by the surety."

The last ground stated is not recognized by the Code of Civil Procedure as a ground upon which a motion can be made to dismiss a complaint upon the trial of an action. It is not in the nature of a demurrer.

Recurring to the fourteenth subdivision of the complaint, this subdivision alleges violations of the conditions of said bond by both of the defendants, and then states that:

"The Fidelity & Casualty Company of New York has become liable unto the people of the state of New York, on whose behalf this plaintiff prosecutes this action, as hereinbefore set forth, in the sum of $600, the penalty of said bond, and is therefore indebted unto the people of the state of New York in the said sum of $600."

This, in my judgment, tenders an issue of nonpayment, since there could be no indebtedness and no right to recover based upon any other theory. If the complaint was indefinite in this respect, then the defendant corporation should have moved to make it more specific. The neglect was its own. As to both of the main propositions in this case, the same rule applies; and the courts have recently gone far enough to disclose their unwillingness to extend the rule where the defect is merely technical, and appears upon the face of the pleading. Publishing Co. v. Steamship Co., 148 N. Y. 39, 41, 42 N. E. 514. This advantage should have been taken by demurrer, since it is unjust to lie in wait and raise merely technical objections at the trial, without apprising the parties of the technical defect in the pleading. The court might have ordered an amendment conforming the pleading to the evidence given on the trial. National Bank v. Rogers, 166 N. Y. 380, 59 N. E. 922. The pleadings are not to be interpreted strictly against the pleader, but allegations which indicate the nature of the plaintiff's claim are sufficient if under them the plaintiff would be entitled to give the evidence necessary to establish his cause of action. Waite v. Aborn, 60 App. Div. 524, 69 N. Y. Supp. 967; Rochester R. Co. v. Robinson, 133 N. Y. 242, 30 N. E. 1008; Coatsworth v. Lehigh Val. R. Co., 156 N. Y. 457, 51 N. E. 301. Every intendment and every inference which can be drawn or implied from the complaint must be used to sustain the

pleading.   Abbey v. Wheeler, 170 N. Y. 127, 62 N. E. 1074; Rober-
son v. Rochester F. B. Co., 171 N. Y. 538, 64 N. E. 442, 59 L. R. A.
478, 89 Am. St. Rep. 828.

The complaint is to recover upon a contract.   Its whole scope
shows that there was a breach of the contract; it establishes the
plaintiff's right to recover against the principal and his surety; and,
after reciting all the necessary facts, the fourteenth subdivision of
the complaint alleges the violation of the conditions of the bond,
and the liability of the defendant corporation to the people of the
state of New York, and that it is indebted unto the people of the state
of New York in the sum demanded in the prayer for relief.   This,
in my judgment, is sufficient, since, under the Code, the pleading
need not state in plain and concise language the cause of action
and the right to recover.   Code Civ. Proc. § 481, subd. 2.

The case of Lent v. New York & Mass. R. Co., 130 N. Y. 504, 29
N. E. 988, is an action brought upon an award, not on contract,
and does not apply.   The other authorities cited by the defendants'
counsel are not in point, covering facts peculiarly applicable to each
case cited.   Judgment is therefore ordered in favor of the plaintiff
against the defendants for the relief demanded in the complaint, with
costs.

Judgment for plaintiff, with costs.