COUNTY OF MONITEAU ex rel. P. BECHTLE, Respondent, v. T. B. LEWIS et al., Appellants.

### Kansas City Court of Appeals, March 4, 1907.

1. **DRAMSHOPS: Bond: Selling to Minor: License: Evidence.** In an action on a bond of a dramshop keeper for selling liquor to a minor, the admission of the record of the county clerk's office showing the issue of the license without an effort to get the original license is not error, since the sureties by the recitals of the bond are estopped to deny the license and are bound by the bond.

2. **PLEADING: Different Counts: Cause of Action.** Each separate count in a petition must be a complete statement of a cause of action within itself, but it may refer to pertinent matters already pleaded without setting them forth at length in each successive count.

3. **DRAMSHOPS: Location: Application: Action on Bond: Surety.** A dramshop keeper's bond should locate his saloon at the place mentioned in the application and petition; and if the bond locates it elsewhere the sureties will not be held.

4. **———: ———: License: Surety.** The county court cannot license a dramshop at a place different from that stated in the application and the sureties may show the difference between the application and the license, since it effects the substance of their obligation.

#### On Motion for Rehearing.

5. **———: ———: ———: Bond.** The application located a dramshop in the center parts of lot 1, 2, and 3, block A. The bond placed it on lots 1 and 2, block A. *Held*, the variance was material.

Appeal from Moniteau Circuit Court.—*Hon. William H. Martin*, Judge.

REVERSED.

*R. M. Embry* for appellants.

(1) The plaintiffs should not have not been permitted to prove issuance, and delivery and renewal of the dramship license by the record of the county court. The foundation for this was not laid by giving the required notice. State v. Barnett, 110 Mo. App. 592; Thompson on Trials, secs. 770, 771. (2) Each count in the petition must be complete in itself. In this petition no count in same is complete within itself. Weber v. Squier, 51 Mo. App. 601. (3) The dramshop was not kept at the place described in the bond sued on. If this is the case, defendants, as sureties, are not liable on the bond. Brandt on Suretyship and Guaranty (2 Ed.), page 57.

*John F. Gibbs* and *Moore & Williams* for respondent.

(1) No notice to the defendants, who were the securities on the bond, to produce the license was necessary, they were not the proper custodians of the license, and there was no legal presumption that they had the license in their possession, and no evidence given of such fact, and the principal, Lewis, could not be found so as to be served with summons, and it follows that he could not be served with notice to produce the license. This is a civil and not a criminal action, and relator had the right to prove the issuing of the license by the best means available. It is an established rule that sureties are estopped to deny the facts recited in their obligation, whether true or false. Brockway v. Petted, 7 L. R. A. 740; State ex rel. v. Williams, 77 Mo. 463; Jones & Jones v. Snedecor, 3 Mo. 390; Lionberger v. Krieger, 88 Mo. 160; Brewing Co. v. Neiderweiser, 28 Mo. App. 233; Greene County ex rel. v. Wilhite, 29 Mo. App. 459. (2) The petition is sufficient, the matter of the issuance of the license to T. B. Lewis and the execution of the

bond by him and his securities, were matters of induce-
ment common to all the counts and did not require repe-
tition.   Stone v. Wendover, 2 Mo. App. 247; Bricker v.
Railroad, 83 Mo. 391; Neier v. Railroad, 12 Mo. App. 35;
Gas Light Co. v. St. Louis, 86 Mo. 495.   But it is im-
material in this case, for the reason that defendants an-
swered over and made no objections to the form or suffi-
ciency of the petition.   Pomeroy v. Benton, 57 Mo. 531;
Grove v. Kansas City, 75 Mo. 672; Weaver v. Harlan, 48
Mo. App. 319.   (3)   The dramshop was kept in a build-
ing located on the lots described in the bond.   The loca-
tion of the building is pointed out on the plat intro-
duced, and even if the building in which the saloon was
run did extend upon part of lot 3, in block A, the recital
in the bond that license had been obtained to run a saloon
on lots 1 and 2, block A, is conclusive upon the securities.
Lionberger v. Krieger, 88 Mo. 160; Bliss on Code Plead.,
327 and 329, 352; Mize v. Glenn, 38 Mo. App. 98.

ELLISON, J.—This action was brought against
Lewis, a dramshop keeper, and the sureties on his bond
for selling intoxicating liquors to the relator's minor
son.   The petition contained several counts.   The verdict
was for the relator.

A return of not found was made to the summons
against Lewis, the dramshop keeper, and the case was
dismissed as to him and thus left to stand against his
sureties.   The trial court permitted relator to prove the
dramshop keeper's license by the records of the county
court without having first made an effort to procure the
license itself as the best evidence.   There was no error
in this, since defendants are estopped in the first in-
stance to deny the license by recitals in the bond that
he was duly licensed.   That should be taken to estab-
lish the license prima facie.   The sureties in a bond of
such character are bound by the bond itself (State ex
rel. v. Williams, 77 Mo. 463; Lionberger v. Krieger, 88

Mo. 160) until it should be made to appear that there was nothing upon which the bond could be based. A fact which we will show, further on, was made to appear in this case.

The different counts in the petition are based upon several distinct sales and defendant contends that they are not sufficient, since they are not complete within themselves, as stating a cause of action. The specific ground of complaint is that they do not set out the conditions of the bond. The petition first contains what we take and construe to be a part of the first count, in which Lewis is charged with the keeping of a dramshop and being duly licensed for a certain time by the county court of Moniteau county. The giving of the bond and the conditions thereof are then set out. Lewis is then properly charged with committing the offense of selling to a minor in violation of the statute and that such act constituted a breach of the bond, etc. The rule is that each separate count in a petition must be a complete statement of a cause of action within itself—that it must contain all the facts necessary to constitute the cause of action which it asserts. [Weber v. Squier, 51 Mo. App. 601; Bliss on Code Plead., sec. 121.] But this may be accomplished by appropriate reference therein to pertinent matters which have been already duly and fully stated and which need not be formally set forth at length in each successive count. [Gas Light Co. v. St. Louis, 86 Mo. 495, 498.] And that was done in this petition.

Defendant claims that the part of the petition charging that Lewis was a duly licensed dramshop keeper and setting out the conditions of the bond is no part of any count in the petition, but is merely a preliminary statement. He draws this conclusion from the manner in which the petition appears to be divided off and by the fact that the pleader, after setting forth such statements, begins in a separate paragraph by stating that,

"Relator for cause of action states that he is the father of," etc., continuing to charge the sale. Whether defendant is correct in so interpreting the petition is of no practical importance, since it would be necessary for the different counts to so connect themselves with the preliminary statement if it be distinct from the first count, or with such first count if it be considered as embracing and including the preliminary statement, as to make them (in effect) a part of each of the succeeding counts, and that, as we have already said, was done in this pleading.

But we are of the opinion that the third ground of objection made by defendant's counsel is fatal to the case. It refers to a discrepancy in description of the place where the dramshop was located in the town of Fortuna. The application and the petition for the license located the dramshop at a different place from that stated in the bond. The difference in the places stated is substantial. These defendants are sureties and they have a right to stand on the letter of their obligation. Reflection will show that an objection of the character here made, should not, in all cases, be considered, alone, from the standpoint of a technicality. In many instances (it may be in this instance) the objection is only technical, but in other cases the objection could well be founded on substance. One might be quite willing to stand as surety for an orderly dramshop at one part of a town and not at another. The immediate surroundings of these establishments have much to do with the manner in which they are conducted. They may be affected for good or evil influence by one side of a street instead of the opposite side; or by being located on a certain corner; or it may be, in some instances, on different parts of the same lots. The immediate location of dramshops has much to do with the favor or disfavor with which many citizens look upon them.

A county court has no authority to license a dram-

Moniteau County ex rel. v. Lewis.

shop keeper to keep his shop at a place different from that stated in the application and petition therefor. There is no reason, in such condition of case, to support an idea that the sureties should be estopped from showing facts which affect the substance of their obligation. [1 Brandt on Suretyship, sec. 57; Miller v. Bagwell, 3 McCord 429; Conant v. Newton, 126 Mass. 105; Blaney v. Rogers, 174 Mass. 277.] The cases of State ex rel. v. Williams and Lionberger v. Krieger, supra, do not apply to a case like this. If in the first of those cases, there could not have been an administrator, a different question would have been presented. In the second of those cases, as stated therein, there was nothing to prohibit the appointment of a cashier. The two other cases cited by relator are not applicable. In this case there was no authority to grant the license or demand or receive a bond for a dramshop at a place not that applied and petitioned for.

The judgment should be reversed. The other judges concur.

### ON MOTION FOR REHEARING.

ELLISON, J.—By not closely scrutinizing the record, counsel have been led to believe the court has misconceived the facts as to a discrepancy between the bond on the one part and the application and petition upon the other, when in fact the misapprehension is with counsel. The bond, as shown in defendants' abstract does contain the recital set out by counsel, but the plaintiff challenged the truth of the defendants' abstract and corrected it, in matter of description of property, by adding thereto words which changed what would otherwise have been a very general description into a specific description. The defendants' abstract had the bond locate the saloon "at Fortuna," while plaintiff's correction locates it "at Fortuna on lots 1 and 2, block A." So

while the very general description, as set out in defend-ants' abstract, might not be considered at variance with the specific description in the application and petition, yet when it is made specific by plaintiff's correction, it is at once seen to be at variance with such application and petition. The "central part of lots 1, 2 and 3, block A," as set out in the application and petition is not the same place as "lots 1 and 2, block A," as set out in the bond.

While it could make no difference in regard to the law governing the rights and liabilities of sureties, yet we do not believe the evil consequences stated in the motion as being likely to follow the precedent of our ruling will result. The result is more likely to be beneficial, in that it will stimulate those whose duty it is to super-vise such proceedings to secure proper bonds in such cases. But, putting that consideration aside, the present action is but a small part of the preventive remedy for the gross misdemeanor of selling liquor to a minor. This action is for a money recovery by the parent for the sale. The law affords much more effective protection against such offender in providing for his fine and for the revo-cation of his license and for disabling him from obtain-ing another. [Secs. 3009, 3012, 3013, R. S. 1899.]

We are cited to the case of Cullinan v. Fidelity Co., found in 83 N. Y. Supplement, 969. We do not think it applicable. In the first place, the court states that the answer of the sureties was a practical admission that their bond was intended to cover the place where the liquor was sold.

But aside from that, there appears in that case the very thing for the want of which we refuse to hold the sureties in this case. In that case the bond and applica-tion corresponded as to place of location of saloon while in this case (as we have endeavored to show) they do not. In other words, the bond in this case was not a bond for the place where the application and petition

located the saloon, while the bond in that case was for the place designated in the other proceedings to obtain the license. The mistake consisted merely in stating the number of the place where the liquor was to be sold as being 256, when 257 was the correct number.

We think the motion should be overruled. All concur.