### UNITED STATES v. MASSACHUSETTS BONDING & INS. CO.
### SAME v. HURTIG et al.

District Court, S. D. New York.

July 14, 1932.

George E. Medalie, U. S. Atty., of New York City (Harry G. Herman, of New York City, of counsel), for the United States.

Coudert Brothers, of New York City (Frederick C. Bellinger, of New York City, of counsel), for defendants.

PATTERSON, District Judge.

Two actions on bonds were by stipulation tried together. The stipulation provided for trial by a jury of one and for a directed verdict. Most of the facts are also covered by stipulation. The first suit involves a bond in connection with an income tax liability of one Jules Hurtig. The second involves a similar bond in connection with an income tax liability of one Samuel Hurtig.

In the first suit, it was shown that on March 12, 1921, Jules Hurtig filed an income tax return for the year 1920, disclosing a tax liability in the amount of $17,379.85, and at the same time made payment of one-fourth of the tax shown to be due, $4,344.96. On May 16, 1921, Hurtig filed an amended return, showing a total tax liability for 1920 in the reduced amount of $13,047.41, and an unpaid balance in the amount of $8,702.45. The United States thereafter demanded payment, and a warrant of distraint was issued. To stay proceedings, Hurtig as principal and the defendant surety company as surety gave a bond dated January 31, 1923, in the sum of $10,000 to the United States. The recital in the bond is: "Whereas the said Jules·Hurtig has been assessed a tax by the Commissioner of Internal Revenue in the principal sum of eight thousand seven hundred two and 45/100 dollars ($8,702.45) and whereas, the said Jules Hurtig has filed his claim in abatement against said tax."

The recital is followed by this condition: "Now, therefore, if the said claim in abatement shall be denied in whole or in part by the Bureau of Internal Revenue, and upon notice and demand of the said Frank K. Bowers, Collector of Internal Revenue, or his successor in office, the said Jules Hurtig, pays to the said Frank K. Bowers, as Collector of Internal Revenue, or his successor in office, the said tax or such amount thereof as may be found due, together with such penalties and interest as may accrue thereon, then this obligation to be null and void; otherwise to be and remain in full force and effect."

No claim in abatement was actually filed by Hurtig until March, 1926. The claim was allowed in part, but there remained due from Hurtig for 1920 income tax the sum of $4,398.02 which was demanded from him without success. He died prior to the bringing of suit on the bond. In disputing its liability on the bond, the surety company shows that it believed a claim in abatement to have been filed prior to the delivery of the bond, and that it would not have executed the bond

had it known that no such claim had been filed.

The case involving Samuel Hurtig is similar. Samuel Hurtig on March 26, 1921, filed his 1920 income tax return showing a liability of $1,028.64, and paid on account the sum of $257.21, leaving a balance of $771.63. No further payments were made, although demanded, and a warrant of distraint was finally issued. To stay collection, Samuel Hurtig and the surety company gave a bond dated April 6, 1923, in the sum of $1,000. This bond recited that Hurtig had been assessed a tax of $953, and had filed a claim in abatement against the tax. The condition of this bond was substantially the same as in the case of Jules Hurtig. No claim in abatement was filed by Samuel Hurtig until March, 1926. The claim was rejected, and demands for payment of the unpaid tax of $771.63 were unavailing. The case is defended only by the surety company.

The two cases differ only in minor details, and the discussion of the first one will control the disposition of the second one as well. The situation is one where the tax collector was about to enforce collection of an alleged tax liability, and where, in order to obtain a stay of collection, the taxpayer as principal and a surety company as surety gave a bond in favor of the government, reciting that a claim in abatement had been filed, and providing that, if the claim was denied and the taxpayer paid the required tax, the bond to be void, otherwise to be in full force. Apparently the claim in abatement was not filed until three years later. The claim was denied, and, after demand and nonpayment by the taxpayer, recourse is sought on the bond.

The defense is that the bond was void at its inception, because the filing of a claim in abatement prior to the execution of the bond was one of the stipulated conditions of the bond, and no claim had then been filed. This defense, however, is disposed of by the rule that the obligor on a bond accepted and acted upon by the obligee is estopped to deny a material fact recited in the bond. Bruce v. United States, 17 How. 437, 15 L. Ed. 129; Daniels v. Tearney, 102 U. S. 415, 26 L. Ed. 187; Hine v. Morse, 218 U. S. 493, 31 S. Ct. 37, 54 L. Ed. 1123, 21 Ann. Cas. 782; McIver Construction Co. v. Hurwitz, 144 Md. 451, 125 A. 153.

Here the taxpayer and the surety jointly represented to the government that the claim had been filed and induced it to forego collection of the tax. The government did not seek out the surety and ask it to furnish a bond, nor did it ever tell the surety that a claim in abatement had been filed. It remained passive, accepted the bond, and postponed collection of the tax in reliance on the bond. It later took the claim in abatement when filed, considered it, and denied the claim. The bond served the purpose for which it was given. I regard it of no moment that the government upon careful scrutiny of its records could have discovered that no claim in abatement had been filed when the bond was delivered to it. It had no ready or convenient means of learning this and was reasonable in relying upon the representation by the taxpayer and surety that a claim had been filed. I cannot see that the case differs from the situation in an appeal bond, where the obligors are estopped to deny that an appeal has been taken if that is recited as a fact in the bond and if the appellant has derived an advantage from the giving of the bond.

The matter would be different if the government had informed the surety that a claim in abatement had been filed when the fact was otherwise. In such a case the mistake would be a mutual one, and the bond would be void. Blaney v. Rogers, 174 Mass. 277, 54 N. E. 561.

The case bears no resemblance to the cases where an obligee knowingly misleads a surety by concealing material information concerning the risk, the circumstances creating a duty to speak and the concealment being equivalent to fraud. See Griswold v. Hazard, 141 U. S. 260, 264, 11 S. Ct. 999, 35 L. Ed. 678; Phillips v. United States Fidelity & Guaranty Co., 200 App. Div. 208, 193 N. Y. S. 467; Damon v. Empire State Surety Co., 161 App. Div. 875, 146 N. Y. S. 996.

A verdict in favor of the plaintiff will be directed in each of the two actions.