AUGUSTA LEWIN, Appellant, *v.* LEHIGH VALLEY RAILROAD COMPANY, Respondent.

APPEAL — REVERSAL BY APPELLATE DIVISION OF ORDER DENYING MOTION FOR REASSESSMENT OF DAMAGES. An order of the Appellate Division reversing an order denying defendant's motion for a reassessment of damages in an action for negligence and directing a reassessment of plaintiff's damages, " solely upon, the ground that injustice was done to the defendant by the admission of evidence, over defendant's objections, of substantial injuries received by the plaintiff and made a basis for the assessment of damages, which injuries were not covered by the allegations of the complaint," from which order the Appellate Division allowed an appeal and certified questions for review, is not reviewable by the Court of Appeals, and the appeal, therefore, must be dismissed.

*Lewin* v. *Lehigh Valley R. R. Co.*, 66 App. Div., 409, appeal dismissed.

(Argued January 7, 1902; decided January 14, 1902.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, made November 19, 1901, which reversed an order of a Trial Term denying a motion of defendant to set aside an assessment of damages and granted such motion.

The nature of the action, the facts, so far as material, and the questions certified are stated in the opinion.

*Thomas Raines* for appellant. This court has jurisdiction to review the order appealed from. (Const. of N. Y. art. 6, § 9; Code Civ. Pro. § 190, subd. 2; *Porter* v. *Inter. B. Co.*,

163 N. Y. 79; *Matter of Davies*, 168 N. Y. 89; *Matter of Atty.-Genl.*, 155 N. Y. 441; *Tillotson* v. *Cheetham*, 5 Johns. 430; *Kleiner* v. *T. A. R. R. Co.*, 162 N. Y. 193; *Bossout* v. *R., W. & O. R. R. Co.*, 131 N. Y. 37.)

*George F. Yeoman* for respondent.  This appeal does not bring up any question which this court can review, and should be dismissed. (*Bossout* v. *R., W. & O. R. R. Co.*, 131 N. Y. 37; *Ward* v. *Haight*, 3 Johns. Cas. 80; *Sharp* v. *Dusenbury*, 2 Johns. Cas. 117; *Lawrence* v. *Farley*, 73 N. Y. 187; Code Civ. Pro. § 191, subd. 3; *Caponigri* v. *Altieri*, 164 N. Y. 476; *Blaschko* v. *Wurster*, 156 N. Y. 437.)

*Per Curiam.*  The appeal is from an order of the Appellate Division, in the fourth department, which directed a re-assessment of plaintiff's damages and which reversed an order denying the defendant's motion for such re-assessment. The action was brought for personal injuries, alleged to have been suffered through the defendant's negligence.  Upon the trial of the action, there was a verdict directed for the defendant.  Upon appeal, the Appellate Division sustained the plaintiff's exceptions and ordered a new trial.  Upon appeal to this court, the order of reversal was affirmed and judgment absolute was ordered, in pursuance of the stipulation, against the defendant.  The assessment of damages was thereupon had at a Trial Term.

The order of the Appellate Division stated that the reversal and a new assessment were ordered "solely upon the ground that injustice was done to the defendant by the admission of evidence, over the defendant's objection, of substantial injuries received by the plaintiff and made a basis for the assessment of damages, which injuries were not covered by the allegations of the complaint."  Subsequently an order was made by the Appellate Division granting leave to appeal to this court and certifying the following questions, viz.: "(1) Are the allegations of the complaint sufficient to permit the introduction of evidence that, because of an injury to the womb,

the result of the accident, it would be impossible for the plaintiff to become pregnant?

"(2) Are the allegations of the complaint sufficient to permit the introduction of evidence of an injury to the womb?

"(3) Are the allegations of the complaint sufficient to permit the introduction of evidence of a disturbance of the nerve center at the base of the brain which regulates or affects the distribution of blood?

"(4) Are the allegations of the complaint sufficient to permit the introduction of evidence that plaintiff's nervous system was impaired?

"(5) Are the allegations of the complaint sufficient to permit the introduction of evidence that the plaintiff's eye-sight was affected?"

We think the appeal should be dismissed, upon the ground that the case is not one which is reviewable by this court. In the first place, it is obvious, within the principle of *Bossout* v. *R., W. & O. R. R. Co.* (131 N. Y. 37), that a proceeding for the assessment of damages is confined to the Supreme Court and its action, at the Trial Term and at the Appellate Division, is largely discretionary. In the second place, the order in question appears, by its terms, to have been made in the exercise of the discretion of the court and may have been influenced by the admission of other evidence than that described in the questions certified.

The appeal should be dismissed, with costs.

PARKER, Ch. J., GRAY, BARTLETT, HAIGHT and CULLEN, JJ., concur; O'BRIEN, J., not voting; WERNER, J., not sitting.

Appeal dismissed.