THE CITY TRUST, SAFE DEPOSIT AND SURETY COMPANY OF
PHILADELPHIA, Respondent, *v.* THE AMERICAN BREWING
COMPANY, Appellant.

PRINCIPAL AND SURETY—LIABILITY OF UNDISCLOSED PRINCIPAL FOR
LOSS SUSTAINED BY SURETY UPON EXCISE BOND. A surety, who without
knowledge that his principal was an agent for a third party, who was the
real owner of the business, executes the statutory bond required to obtain a
liquor tax certificate, and is compelled to pay a judgment recovered against
him for a breach of the condition of the bond in that gambling was per-
mitted upon the premises, may maintain an action against the undisclosed
principal to recover the amount paid, since the latter, while benefiting by
the suretyship, violated the conditions of the bond and the statute and the
direct effect of his act was to cause the plaintiff a substantial loss beyond
that suffered by the public, for which the defendant is liable.

*City Trust, etc., Co.* v. *Am. Brewing Co.,* 70 App. Div. 511, affirmed.

(Argued March 23, 1903; decided April 28, 1903.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
March 17, 1902, sustaining plaintiff's exceptions, ordered to be
heard in the first instance by the Appellate Division, and
granting a motion for a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*P. M. French* for appellant. If Kurtz had a principal
the principal cannot be reached in any form of action because
the only obligation that exists is the obligation created by the
bond itself, and when an instrument is under seal the plain-
tiff cannot prove any principal other than the one stated in
the instrument. (*Farrar* v. *Lee,* 10 App. Div. 130; *Hen-
ricus* v. *Englert,* 137 N. Y. 488; *Higgins* v. *Dellinger,* 22
Mo. 397.) The plaintiff cannot recover against any person
because of its having paid the bond, except the one who is
principal in the bond. (*Tom* v. *Goodrich,* 2 Johns. 213; Fell
on Sure. & Guar. 273, note; *U. S.* v. *Astly,* 3 Wash. 508;
*Craft* v. *Creighton,* 3 Rich. [S. C.] 273; *Moore* v. *Stevens,*
60 Miss. 809.) The law governing the relationship of princi-

pal and agent has no application to this case. (*Lyman* v. *Kurtz*, 166 N. Y. 274; *Ship Virgin* v. *Vyfhius*, 8 Pet. 537; *D. M. S. Ins. Co.* v. *Gossler*, 96 U. S. 645; *Miller* v. *O'Brien*, 35 Fed. Rep. 779; *The Sophie Wilhelmine*, 58 Fed. Rep. 890.)

*Charles Van Voorhis* for respondent. The action is not upon the bond. It is brought by the surety against the undisclosed principal to recover for moneys paid by reason of a breach of the bond. The bond was given for the defendant's benefit and in order that it might comply with the Liquor Tax Law and engage in the traffic of liquors thereunder. It was executory in its nature. (*Higgins* v. *Dellinger*, 22 Mo. 397; *Benham* v. *Emery*, 46 Hun, 160; *Donegan* v. *Moran*, 53 Hun, 21; *Carley* v. *Potts*, 24 Hun, 571; *Coleman* v. *F. Nat. Bank*, 53 N. Y. 393.)

Parker, Ch. J. Upon this review the complaint must be accepted as true and from it it appears that plaintiff became surety on a bond executed by John M. Kurtz to the People of the state of New York in the sum of $1,000, the condition being that if a liquor tax certificate should be granted to Kurtz he would not permit any gambling upon the licensed premises, etc. The certificate was issued to Kurtz, and subsequently a judgment was entered against Kurtz and this plaintiff as principal and surety on the bond for a breach of the condition in that Kurtz had maintained on the licensed premises a nickel-in-the-slot machine, which was there used for gambling purposes.

Before the trial in that action this plaintiff discovered that defendant herein was the real owner of such liquor tax certificate and of the nickel-in-the-slot machine and it demanded that defendant assume the defense of the action, which it refused.

After satisfying said judgment plaintiff brought this action, alleging in the complaint, in substance, in addition to the facts already stated, that defendant was the real owner of the cer-

tificate and the proprietor of the business, employing Kurtz, paying his compensation, furnishing the articles sold, bearing all losses, and pocketing the profits, when there were any; that Kurtz was but the representative and servant of the defendant when he applied for the certificate and when he applied to plaintiff to become surety; that plaintiff supposed he was the principal — having, therefore, an incentive to obey the law — whereas defendant controlled the business and premises, and maintained therein a nickel-in-the-slot machine, operated by its direction and for its profit.

Defendant, therefore, had the benefit of plaintiff's surety- ship — for without some surety a certificate could not have been issued — and to its conduct, solely, it was due that plaintiff was compelled to pay the penalty of the bond, for it maintained the gambling device which constituted a breach of the condition of the bond; and the inquiry is can plaintiff recover from defendant the loss which the latter has cost it?

Plaintiff could recover of Kurtz, and probably would were he responsible; but why may he not recover from the party which, while benefiting by the suretyship, committed the injury? — from the hidden principal that by a wrongful act, prohibited by the conditions of the bond and forbidden by statute, caused a loss to this defendant?

Ever since Justinian said, " The maxims of law are these: to live honestly, to hurt no man and to give every one his due," it has been a leading object of jurisprudence to compel wrongdoers to make reparation. Now, it is a general rule of law that a person commits a tort and renders himself liable for damages who does some act forbidden by law if that act causes another substantial loss beyond that suffered by the rest of the public; and that rule covers this case.

Defendant through its agent, Kurtz, induced plaintiff to become a surety on the bond for Kurtz and then, in violation of the statute, it conducted a nickel-in-the-slot machine on the premises, by means of which misconduct the surety was compelled to pay the penal sum of the bond. In other words, defendant committed an act forbidden by law and the direct

effect of its act was to cause plaintiff a substantial loss beyond that suffered by the rest of the public; and for the damage thus sustained it should respond to plaintiff.

The order should be affirmed, and judgment absolute ordered for plaintiff on the stipulation, with costs.

GRAY, BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur; O'BRIEN, J., not voting.

Order affirmed, etc. _____