THE CITY TRUST, SAFE DEPOSIT AND SURETY COMPANY OF PHILADELPHIA, Appellant, *v.* THE AMERICAN BREWING COMPANY, Respondent.

1. APPEAL — JUDGMENT ABSOLUTE AWARDED TO PLAINTIFF BY COURT OF APPEALS UPON STIPULATION OF DEFENDANT — ASSESSMENT OF DAMAGES THEREUNDER — WHEN PLAINTIFF MAY APPEAL FROM ORDER REFUSING TO ASSESS DAMAGES "AS A MATTER OF LAW." While an order of the Appellate Division, affirming an assessment of damages upon a judgment absolute directed by the Court of Appeals, is not appealable to the Court of Appeals, as a matter of right, or even when certified by the Appellate Division, where the assessment of damages involves a discretion on the part of the court or jury making the assessment, yet, where items of damages disallowed are definitely fixed and determined and the court making the assessment has certified that they were rejected "as a matter of law and not as a matter of discretion," and the Appellate Division has certified that a question of law has arisen which ought to be determined by the Court of Appeals, thereby raising questions of law as to the items rejected and bringing the case within the requirements of section 190 of the Code of Civil Procedure, the appeal is well taken and the order is reviewable in the Court of Appeals.

2. SAME — RULE FOR ASSESSMENT OF DAMAGES BY SUPREME COURT. In assessing damages, under section 194 of the Code of Civil Procedure, upon an order of the Court of Appeals awarding judgment absolute in favor of the plaintiff in an action, the Supreme Court cannot determine

whether the plaintiff is entitled to recover under the allegations of the complaint, since the effect of a judgment absolute is to award to the plaintiff the judgment to which he is entitled upon his complaint without regard to any defense interposed by the answer, and in assessing the damages thereunder the allegations of the complaint are required to be treated as true and the same as if no answer had been interposed.

3. Surety— Principal and Agent — When Surety Company May Recover from Undisclosed Principal the Amount It Was Compelled to Pay on Liquor Tax Bond Issued on Application of Agent of Such Principal. Where the agent of an undisclosed principal, with the authority and approval of his principal, applies to a surety company for a bond to enable him to procure a certificate permitting him to engage in the business of trafficking in liquors, and the surety in compliance therewith executes the bond required by the Liquor Tax Law, the transaction constitutes a · contract, binding the principal, that the business will be conducted in conformity with the requirements of law and that violations will not be committed and the surety made liable by reason thereof; a violation, therefore, by his agent constitutes a breach of contract, and the surety having paid a judgment for the penalty and costs imposed upon the agent for such violation the principal is liable under the contract for the amount paid by the surety.

4. When Surety Company May Recover Amount Paid for Counsel Fees and Disbursements, as Well as Penalty and Taxable Costs Paid, in Action upon Bond for Violation of Liquor Tax Law. Where in an action brought by the surety company, upon personal service of the summons and verified complaint, to recover from the brewing company the amount of the penalty and costs paid by it as surety for a violation of the Liquor Tax Law, the defendant moved for judgment upon the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and the trial court granted such motion and from the judgment thereon entered the defendant appealed to the Appellate Division, which reversed the judgment and ordered a new trial, and the defendant appealed from the order of the Appellate Division to the . Court of Appeals, upon a stipulation for judgment absolute, which court affirmed the order and awarded judgment absolute to the plaintiff — the penalty of the bond, the taxable costs upon the trial, the taxable costs in the Appellate Division and Court of Appeals, which plaintiff was compelled to pay, are all liquidated items and should be allowed upon the assessment of damages; the amount the plaintiff was compelled to pay for counsel fee and disbursements in the defense of the case, being stated in the verified complaint, should also be allowed, under sections 420 and 1212 of the Code of Civil Procedure, which provide that judgment may be taken on verified complaints, demanding judgment for a sum of money only, without application to the court upon default in actions on contract, express or implied, to pay moneys disbursed or for the value

of services rendered by, to, or for the use of, the defendant; since upon judgment absolute on the defendant's stipulation the damages are assessable as if it had made default in pleading.

*City Trust, Safe Deposit & Surety Co.* v. *American Brewing Co.*, 93 App. Div. 606, reversed.

(Argued April 24, 1905; decided June 13, 1905.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 12, 1904, which affirmed a judgment in favor of plaintiff entered upon an assessment of damages and from an order of said Appellate Division which affirmed an order of Special Term denying a motion to set aside such assessment of damages.

The complaint in this action, in substance, alleges that on the 11th day of November, 1898, the plaintiff, as surety for one ·John M. Kurtz, executed a bond to the People of the State of New York in the penal sum of one thousand dollars, conditioned that if a liquor tax certificate was ·issued to said Kurtz, permitting him to engage in the traffic of liquors at 153 Main street in the city of Rochester, he would not permit gambling, etc., upon the premises, following the usual form of bonds required in such cases. The complaint further alleges, in substance, that such liquor tax certificate was ·delivered to Kurtz; that there was thereafter maintained upon the premises a gambling device known as a nickel in the slot machine, and that on or about the 12th day of July, 1898, the state commissioner of excise commenced an action against said Kurtz and this plaintiff to recover the penalty of the bond, which resulted in a judgment against the plaintiff for the sum of one thousand dollars and costs, which subsequently was affirmed in the Appellate Division and Court of Appeals, with costs, amounting in the aggregate to $1,480.43, which the plaintiff has paid to the commissioner of excise, and in addition thereto he has paid his counsel the further sum of $640.53 for costs and expenses in defending the litigation.

The complaint further alleges, in substance, that at the

time the bond was made and the liquor tax certificate issued to Kurtz, and during all the time mentioned thereafter, the defendant, The American Brewing Company, owned the lease of the store, the liquor business conducted therein, and all of the stock of goods and fixtures; that it maintained the nickel in the slot machine and received the receipts therefor; that it employed the said Kurtz at twelve dollars per week to manage the saloon, the defendant paying all of the expenses of running the place, furnishing the beer and receiving the receipts for the business so carried on; that the defendant was the real principal and as such procured the liquor tax certificate to be issued in the name of Kurtz, but for its own use and benefit as the real principal without disclosing such fact to the plaintiff. The complaint demands judgment for the sum of $2,120.96, with interest from the 18th day of April, 1901, with the costs of the action.

An answer was interposed and the cause was moved for trial. After the impaneling of the jury and before any evidence had been taken the defendant moved to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The court granted the motion and ordered the exception taken thereto to be heard at the Appellate Division in the first instance. At the Appellate Division the exception of the plaintiff was sustained and a new trial ordered, with costs to abide the event. Thereupon the defendant appealed from that order to the Court of Appeals, giving the statutory stipulation that in case of an affirmance judgment absolute should be awarded against it. Subsequently the order of the Appellate Division was affirmed by this court and judgment absolute upon the stipulation was awarded against the defendant and the case remitted to the Supreme Court where the original judgment roll was filed. Plaintiff's damages were first assessed at a Trial Term of the Supreme Court at the full amount of the plaintiff's claim as alleged in the complaint, but subsequently a motion was made on the part of the defendant to set aside the assessment, which was denied, but upon an appeal to the

Appellate Division that court reversed the order, set aside the assessment and ordered a reassessment of the damages. Upon such reassessment the plaintiff was allowed as damages the $1,000 penalty of the bond, with interest and the costs of the trial of the action which it had been compelled to pay, but the costs in the Appellate Division and Court of Appeals were disallowed, together with the sum of $640.53 paid for counsel fee and expenses in conducting the litigation, notwithstanding that the court, in assessing the damages, found that the services rendered by counsel were reasonably worth the amount charged and paid, and that the expenses incurred were necessary in the defense of this action. The court making the assessment filed a formal decision containing findings of fact and conclusions of law, and at the end thereof stated that each of the items rejected were disallowed "as a matter of law and not as a matter of discretion." The plaintiff filed exceptions to the conclusions of law in which the three items of damages claimed were disallowed. A motion was then made to set aside the assessment by reason of the court's refusing to include therein the three items in controversy, which motion was denied, and on appeal therefrom the Appellate Division affirmed the order, but certified that a question of law has arisen which, in its opinion, ought to be reviewed by the Court of Appeals, and it has thereupon certified the following questions:

"1. Is the plaintiff entitled to recover as part of its damages the costs on appeal to the Appellate Division in the action brought by the excise commissioner against John M. Kurtz and plaintiff, which costs are included in the judgment of the Supreme Court in that action and paid by the plaintiff?

"2. Is the plaintiff entitled to recover as part of its damages the judgment for costs on appeal to the Court of Appeals in the same action paid by the plaintiff?

"3. Is the plaintiff entitled to recover as part of its damages its necessary expenses by way of counsel fees and disbursements paid by it to its attorney in the same action and not included in the costs taxed therein?"

19

*Charles Van Voorhis* for appellant. This court has jurisdiction to review the appeal herein. (*Langdon* v. *Mayor, etc.,* 133 N. Y. 628; *Stevens* v. *C. Nat. Bank,* 35 App. Div. 625; 162 N. Y. 253; *Bossout* v. *R., W. & O. R. R. Co.,* 131 N. Y. 57.) The plaintiff is entitled to recover its damages as alleged in the complaint and as proved and established by the findings of fact upon the assessment. (*Hiscock* v. *Harris,* 80 N. Y. 402; *Bossout* v. *R., W. & O. R. R. Co.,* 131 N. Y. 37; *Wright* v. *City of Mt. Vernon,* 78 App. Div. 467; *Wilson* v. *Palmer,* 11 Hun, 325; *Gray* v. *Bd. of Suprs.,* 93 N. Y. 603; *Conklin* v. *Snider,* 104 N. Y. 641; *Godfrey* v. *Moser,* 66 N. Y. 250; *Hitchings* v. *Van Brunt,* 38 N. Y. 335; *Roberts* v. *Baumgarten,* 126 N. Y. 337.)

*P. M. French* for respondent. The questions sought to be raised by the appeal from the judgment are not reviewable in this court. (*Bossout* v. *R., W. & O. R. R. Co.,* 131 N. Y. 37; *Bienenstok* v. *Ammidown,* 155 N. Y. 46; *Lewin* v. *L. V. R. R. Co.,* 169 N. Y. 336.) The theory upon which appellant has been allowed to recover in this action is that respondent by its wrongful act caused damage to appellant. As decided by this court the right to recover is based upon tort. (*C. T., etc., Co.* v. *A. B. Co.,* 174 N. Y. 486.) The proper measure of appellant's damages herein at most is the penalty of the bond with interest and costs of the trial which it was obliged to pay as a result of the Kurtz action. Moneys paid counsel for the defense of the Kurtz action are not a proper measure of damages. (*Reggio* v. *Braggiotti,* 7 Cush. [Mass.] 166; *Marvin* v. *Prentice,* 94 N. Y. 295; *Clason* v. *N. F. Co.,* 20 Misc. Rep. 315; *Fallon* v. *Wright,* 82 App. Div. 193; *People ex rel. Fallon* v. *Wright,* 7 App. Div. 185; 150 N. Y. 444; *Bossout* v. *R., W. & O. R. R. Co.,* 131 N. Y. 40.)

Haight, J. The first question raised is as to whether this order is appealable. No appeal lies from such an order to this court as a matter of right. (*Bassett* v. *French,* 155

N. Y. 46.) Neither does an appeal lie even though certified by the Appellate Division where the assessment of the damages involved a discretion on the part of the court or jury making the assessment. (*Lewin* v. *Lehigh V. R. R. Co.*, 169 N. Y. 336.) But in the case now before us the items of damages disallowed are definitely fixed and determined and the court making the assessment has certified that they were rejected "as a matter of law and not as a matter of discretion," and the Appellate Division has certified that a question of law has arisen which ought to be determined by this court as to the three items disallowed, thus raising three separate and distinct questions of law as to the items rejected. This conforms to the requirements of the second subdivision of section 190 of the Code of Civil Procedure, which provides for an appeal to this court from a determination of the Appellate Division "where the Appellate Division allows the same and certifies that one or more questions of law have arisen, which in its opinion ought to be reviewed by the Court of Appeals." We, consequently, conclude that the appeal is well taken.

The Appellate Division appears to have been of the opinion that the Supreme Court, in assessing the damages under the order of this court awarding judgment absolute in favor of the plaintiff, had the right to try the question and determine whether the plaintiff was entitled to recover under the allegations of its complaint. Had the action been brought to trial upon the issue raised by the answer interposed it is quite possible that it would have been determined that the plaintiff was not entitled to recover, upon its claim for damages in the Appellate Division and Court of Appeals or for its counsel fee and expenses in conducting such appeal. Whether or not the plaintiff would have been entitled to recover those items, or any one of them, would depend upon the facts determined upon such trial. It could not increase the damages of the defendant by interposing a frivolous or unsound defense and then prosecute an appeal from the judgment rendered, unless it was authorized so to do, either expressly

or impliedly, by the defendant, its agents or attorneys.    But
the defendant did not see fit to bring the action to trial upon
its answer.    It moved for judgment upon the complaint,
claiming that it failed to state a cause of action.    Upon this
it succeeded in the trial court but was defeated in the Appellate
Division, and then instead of taking a new trial under the
order of that court it took an appeal to this court, stipulating
that in case of an affirmance judgment absolute should go
against it.    This court did affirm the order and awarded judgment
absolute against the defendant.    The effect of this was
to award to the plaintiff the judgment which it was entitled
to upon its complaint without regard to any defense that had
been interposed by the answer, and in assessing the damages
thereunder the allegations of the complaint were required to
be treated as true and the same as if no answer had been
interposed.

In the case of *Bossout* v. *Rome, W. & O. R. R. Co.* (131 N. Y.
37) Peckham, J., says: " The judgment entered upon the filing
of the remittitur from this court was an absolute and final
one, which fixed, irrevocably, the liability of the defendant
to pay the damages sustained by the plaintiff    *   *   *.    The
effect of the affirmance of the order granting a new trial and
the entry of judgment absolute thereon in the Supreme Court
was the same as if the *whole* of the plaintiff's action had been
admitted and a default had occurred, and the sole question
left was as to the amount of the damages sustained by the
plaintiff."

Upon awarding judgment absolute in this court against
the defendant upon its stipulation, the judgment was remitted
to the court below and the assessment of damages had pursuant
to the provisions of section 194 of the Code, which provides
that in such a case "an assessment of damages or any
other proceeding requisite to render the judgment effectual
may be had in the latter court."

We are of the opinion that the cause of action set forth
in the complaint is a breach of contract.    The plaintiff, at
the request of Kurtz, had executed a bond to the People of

the State, as surety, in order to enable him to procure a certificate permitting him to engage in the business of trafficking in liquors.   Kurtz thereby is deemed to have agreed with the plaintiff that he would conduct the business in accordance with the requirements of the statute and that he would thereby save the plaintiff from any liability on the bond. Kurtz, however, was but an employee of the defendant, who owned the place and conducted the business of trafficking in liquors therein.   His application to the plaintiff to become surety upon the bond was on behalf of the defendant, who was the real but undisclosed principal upon the bond.   It is true that Parker, Ch. J., in delivering the opinion of this court, in which the order of the Appellate Division granting a new trial was affirmed (174 N. Y. 486), called certain acts torts and the violators wrongdoers.   But in these expressions he had reference to the acts complained of, of maintaining a gambling device upon the premises in violation of the statute, which was not only a tort but an offense punishable under our penal statute.   The very object of the bond required by the People of the State was to prevent such acts and to enforce a compliance with its provisions, and the agreement which the principal is deemed to have made with his surety is to the effect that such acts will not be committed and the surety made liable by reason thereof.   As we understand, the rule is elementary that where an undisclosed principal is afterwards discovered he may be held liable by the plaintiff, at his election, upon the contract of his agent which was made with his authority and consent.

In the case of *Briggs* v. *Partridge* (64 N. Y. 357, 362) Andrews, J., says: " A principal may be charged upon a written or parol executory contract entered into by an agent in his own name, within his authority, although the name of the principal does not appear in the instrument, and was not disclosed, and the party dealing with the agent supposed that he was acting for himself, and this doctrine obtains as well in respect to contracts which are required to be in writing, as to those where a writing is not essential to their validity."

In the case of *Brady* v. *Nally* (151 N. Y. 258, 262) Vann, J., in considering a contract to furnish plumbing material for a schoolhouse, quotes the opinion of Andrews, J., with approval and determines that case in accordance therewith. (See, also, *Tew* v. *Wolfsohn*, 174 N. Y. 272; *Meeker* v. *Claghorn*, 44 N. Y. 349, and Mechem on Agency, § 695, and authorities cited in cases referred to.)

The cause of action alleged in the complaint, being upon contract, we think the items of damages claimed therein were liquidated and were assessable before the clerk or before the court below, under the provisions of section 194, to which we have called attention. (*Bossout* v. *Rome, W. & O. R. R. Co., supra.*) The penalty of the bond, the taxable costs upon the trial, the taxable costs in the Appellate Division and Court of Appeals, which the plaintiff was compelled to pay, were certainly all liquidated items. The other remaining item of damage claimed was the amount that the plaintiff had been compelled to pay for counsel fee and disbursements in the defense of the case. As to these, section 420 of the Code of Civil Procedure provides that "judgment may be taken without application to the court, where the complaint sets forth one or more causes of action each consisting of the breach of an express contract to pay, absolutely or upon a contingency, a sum or sums of money, fixed by the terms of the contract, or capable of being ascertained therefrom, by computation only; or an express or implied contract to pay money received or disbursed, or the value of property delivered, or *of services rendered by, to, or for the use of, the defendant* or a third person; and thereupon demands judgment for a sum of money only." Section 1212 of the Code, so far as material to this case, provides that "in an action specified in section 420 of this act, where the summons was personally served upon the defendant, and a copy of the complaint, or a notice stating the sum of money for which judgment will be taken, was served with the summons; or where the defendant has appeared, but has made default in pleading, the plaintiff may take judgment by default, as follows: (1) If the defendant

· has made default in appearing, the plaintiff must file proof of the service of the summons, and of a copy of the complaint or the notice, and also proof, by affidavit, that the defendant has not appeared; whereupon the clerk must enter final judgment in his favor. (2) If the defendant has seasonably appeared, but has made default in pleading, the plaintiff must file proof of the service of the summons and of the appearance or of the appearance only, and also proof, by affidavit, of the default; whereupon the clerk must enter final judgment in his favor." The provisions of the foregoing sections of the Code were under consideration in this court in the case of *Bullard* v. *Sherwood* (85 N. Y. 253) in which the action was brought by an attorney to recover for professional services and disbursements, the same as in this action. The complaint in that action, as well as the complaint in this action, was sworn to. The judgment in that case was taken by default. In this case it was taken, as we have seen, upon an order of this court for judgment absolute upon the defendant's stipulation, in which the damages are assessable the same as if the defendant had made default in pleading. In that case the court held that the damages were assessable by the clerk. FINCH, J., in delivering the opinion of the court, says with reference to the judgment, that "its entry by the clerk was an exact and literal compliance with the provisions of the Code. That directs in a case where application to the court is unnecessary, and where the summons and complaint have been personally served, and the latter is verified, that the judgment be entered for the sum demanded in the complaint. * * * The party, therefore, who makes default in presence of these provisions practically consents to such entry of judgment. He thereby admits that he is indebted in the full amount claimed and concedes that judgment should be entered for that sum."

For the reason stated, the questions certified should be answered in the affirmative and the order appealed from reversed and the case remitted to the court below to proceed thereon, with costs to the appellant in all the courts.

Gray, J. (dissenting). · I dissent and vote for the dismissal· . of the appeal, upon the ground that the order of the Appellate Division is not reviewable in this court, within the principle of our decisions in *Bossout* v. *Rome, W. & O. R. R. Co.*, (131 N. Y. 37), and, more recently, in *Lewin* v. *Lehigh Valley R. R. Co.*, (169 ib. 336).

The judgment, which was rendered upon our determination, was final and section 194 of the Code allows, simply, an assessment of damages in the court below.   I think that the assessment of damages was confined to the Supreme Court and that the proceedings incidental thereto were not subject to the general provisions of the Code, which relate to the review by this court of determinations of the Appellate Division.

O'Brien, J. (dissenting).   There is no question in this case except such as arises upon proceedings to assess damages upon a stipulation for judgment absolute.

I cannot concur in the opinion for two reasons: (1) The orders are not appealable to this court.   There are some propo- . sitions on that point that I will state from the adjudged cases in this court and that I suppose no one will dispute.

No appeal to any court will lie from a judgment entered upon default.   (Code Civ. Proc., sec. 1294.)

The proceedings for assessing damages after default in answering and proceedings for assessing damages upon a stipulation for judgment absolute are the same and governed ·by the same rules.   In the latter case the proceeding is the same as upon an ordinary inquest.

However the assessment is made, whether . by a sheriff with a jury, by a judge at Circuit with or without a jury, or by a referee, the questions are always the same, and the rules for reviewing the trial of an action do not prevail or apply.

In each case a motion may be made to set aside the inquisition, and when it appears that injustice has been done, the ·court may set it aside, but it is all a matter of discretion, and

when refused, a judgment or order entered upon the inquisition is not reviewable upon legal grounds.

In no case can there be any appeal beyond the Supreme Court.   There is no provision of the Code that authorizes any exceptions to be taken in such a proceeding, and no provision that authorizes an appeal.   The disposition of the inquisition in the Supreme Court always rests in discretion, and only questions of law raised by exceptions can be reviewed in this court.

The Supreme Court cannot send such a case here on a certificate that certain specified questions of law have arisen that should be reviewed in this court.   Every one of these propositions have been taken from the decisions of this court. (*Bossout* v. *Rome, W. & O. R. R. Co.,* 131 N. Y. 37 :   *Bassett* v. *French,* 155 N. Y. 46 ;   *Lewin* v. *Lehigh Valley R. R. Co.,* 169 N. Y. 336.)

The case last cited came here from the Appellate Division with a certificate that five separate questions of law were involved, but we dismissed the appeal on the ground that the court had no jurisdiction to hear such an appeal.   I am unable to see how that case differs from this.

1. But the opinion from which I dissent suggests a very simple way to avoid all the rules above stated, and by means of which all such cases can be brought to this court.   All that is necessary to do is to get the sheriff, with or without his jury, to certify that the damages have been determined as matter of law and not as matter of fact, or in the exercise of discretion, and what was never appealable before becomes appealable then.   He can thus create a question of law to be transmitted to this court through the certificate of the Appellate Division. He can change the character of the whole proceeding by removing it from the domain of discretion to that of pure law.   Of course, the judge at Circuit with or without a jury or a referee can do the same thing since they are all dealing with the same questions, that is, assessing damages as upon a default.   It makes no difference that the courts have said over and over that the proceedings are, in their very nature,

always subject to discretion, the sheriff can convert them every time into one of pure law and he can do anything in that way that either a judge or referee can do since they are acting in the same capacity. It would be only reasonable to suppose, from what this court has said, that such certificates had no application to such a proceeding and had no effect upon the nature or character of the determination. If the sheriff could not make a question of law for the Appellate Division, it is difficult to see how that court can make one for us.

2. On the merits, I think the opinion is equally wide of the mark. It all rests on one proposition and that is that this court in deciding the principal case, where it was held that the plaintiff was entitled to judgment absolute, held that the defendant's liability was *upon contract*. (*City Trust, S. D. & S. Co.* v. *Am. Brewing Co.*, 174 N. Y. 486.) I hope it will never be imputed to this court that it has solemnly decided that a party is liable as a principal upon a contract such as a liquor tax bond that he never signed or executed and had never seen or heard of. Kurtz applied for the license and got it. He signed the bond as principal and the plaintiff as surety. But it is said that the defendant was behind Kurtz, and, as an undisclosed principal, the state licensed it, although it never applied for one and the state officers could know nothing about its qualifications to receive a license ; and Kurtz, having signed the bond as principal, he bound the defendant as an undisclosed principal although the defendant's officers never heard of the bond or of the fact that the plaintiff had become surety for Kurtz. All this, it is said, this court has most solemnly decided and that is the cornerstone of the opinion in this case.

This court, I am glad to say, never decided anything of the kind. Here is what the court said in the opinion. The italics are my own :

"Plaintiff could recover of Kurtz, and probably would were he responsible, but why may he not recover from the party which, while benefitting by the suretyship, *committed*

*the injury ?* — from the hidden principal that by *a wrongful act*, prohibited by the conditions of the bond and forbidden by statute, caused a loss to this plaintiff?

"Ever since Justinian said, 'The maxims of law are these: to live honestly, to hurt no man and to give every one his due,' it has been a leading object of jurisprudence to compel wrongdoers to make reparation. Now it is a general rule of law that *a person commits a tort and renders himself liable* for damages who does some act forbidden by law if that act causes another substantial loss beyond that suffered by the rest of the public, and that rule covers this case.

"Defendant, through its agent Kurtz, induced plaintiff to become a surety on the bond for Kurtz, and then, in violation of the statute, it conducted a nickel-in-the-slot machine on the premises, by means of which *misconduct* the surety was compelled to pay the penal sum of the bond. In other words, *defendant committed an act forbidden by law*, and the direct effect of its act was to cause plaintiff a substantial loss beyond that suffered by the rest of the public, *and for the damage thus sustained it should respond to plaintiff.*" (*City Trust, S. D. & S. Co.* v. *American Brewing Co.*, 174 N. Y. 486.)

If I can understand the meaning of language, I should say that the defendant was held liable for *a wrong or tort* in placing the slot machine in the saloon and thereby producing a forfeiture of the bond upon which the plaintiff was surety. That is plain enough and that makes the decision sensible and reasonable. But because the judge called the defendant a "hidden principal" that phrase is seized upon to change the decision to a judgment on *contract*, which makes it quite unreasonable and indefensible.

In giving construction to one of our own decisions I would always prefer the theory that makes the decision sensible and reasonable rather than the one which makes it absurd, but I fear that the opinion in this case rejects the former and adopts the latter. The law of agency knows such a thing as a "hidden principal," but it has not the slightest application to the case at bar. I assume that no concealed principal could

procure admission to the bar through an agent, or to the civil service list, or procure a license to traffic in liquors, or acquire any other right or privilege that requires personal qualifications or is granted only upon personal application. Of course, the defendant could not have committed a tort and violated a contract at the same time by the act of putting a slot machine into the saloon. It is reasonable enough to say it committed a wrong, but just how it made a contract and broke it has not yet been explained and I fear never will be. Of course, it is necessary in order to reverse the orders before us to impute to one of our own decisions what seems to me to be an absurdity. But I fail to see anything in the case before us that requires us to put such a strain upon law and common sense.

The prevailing opinion as it appears to me sanctions two novelties. The first one is that the sheriff or other assessing officer in default cases can, with a stroke of his pen, break down all the barriers that this court has erected against appeals of this character to this court, by simply stating that the damages have been determined or certain items rejected as matter of law and not as matter of fact or discretion. Since the practice in cases of ordinary appeals or decisions has no application to inquests, I am unable to see where the sheriff gets the power to change the legal effect of the determination by any such statement.

The second one is that this court has solemnly decided in 174 N. Y. 486, that a corporation, by putting a slot machine into a saloon, kept by an individual who held a liquor tax certificate and had given a bond, became thereby the principal upon that written instrument and made all the promises and covenants in the same, although none of its officers ever signed or executed the bond and had never seen or heard of it and became responsible upon the bond as upon contract to the surety who paid it, although the defendant never had any business transaction whatever with the sureties. All this is based upon the words " hidden principal " contained in the opinion. These, to my mind, are two very extraordinary

propositions, and since I am not able to see my way clear to concur in either of them, I will be recorded for affirmance or the dismissal of the appeal.

CULLEN, Ch. J., BARTLETT and VANN, JJ., concur with HAIGHT, J.; GRAY, J., reads dissenting memorandum and WERNER, J., concurs; O'BRIEN, J., reads dissenting opinion.

Order reversed, etc.