County of Sullivan, Plaintiff, *v.* Cornelius E. Downie and Globe Indemnity Company, Defendants.

(Supreme Court, Sullivan County Trial and Special Term, January, 1918.)

Actions — against superintendent of poor of county — indemnity bonds — contracts — corporations — pleading — evidence — poor.

A superintendent of the poor of a county being indebted from time to time to two corporations, of which he was the agent within his county, would draw an order directing the treasurer of the county to pay to the order of a fictitious person, to whom neither the county nor he was indebted for any service, a certain sum of money out of the poor funds of the county, purporting to be in payment for supplies for the county alms house and would sign the said order, adding the title of the office of superintendent of the poor of the county, and would then indorse the order on the back thereof with the name of the fictitious payee and would forward said order thus indorsed to the said corporations and obtain credit therefor upon his indebtedness, and the said corporations after receiving said order would give the superintendent of poor credit for the same and then indorse said order and present the same to the treasurer of the county, who paid the same. The said superintendent of the poor pursuant to statute had given a bond to the county conditioned that he should perform all the duties incumbent upon him as county superintendent of the poor and honestly account for money coming into his hands as

such official according to law. In a separate action brought by the county upon said surety bond to recover the amount of each of one hundred fictitious orders amounting in the aggregate to an amount in excess of the penalty of said bond, *held,* that the liability of the defendant indemnity company arose from the execution of the bond and the fact that the breach of the contract was the tortious and criminal acts of the superintendent of the poor did not change the liability of said indemnity company.

That as all the causes of action were essentially the same, involving the same parties, arose out of the same transactions, based upon the same contract and to a large extent to be proved by the same evidence, defendants' motion to consolidate said actions will be granted, but without costs, all the pleadings in said actions to stand as the pleading in the consolidated action permitting the entry of one judgment; each of the separate items with interest being stated therein with one bill of costs.

The indemnity company having permitted a default in the action first brought, such action is not included in the consolidation order.

Application by the plaintiff to the court for judgment on default.

John D. Lyons, for plaintiff.

Robert M. McCormick, for defendant Globe Indemnity Company.

Nichols, J. The application of the plaintiff to the court for judgment in action No. 1 together with the motion of the defendant Globe Indemnity Company, to consolidate 100 pending actions brought by this plaintiff against both defendants are decided together. They arise from the operation of one, Cornelius E. Downie, who was the acting superintendent of the poor in and for the county of Sullivan, having been elected at the election held in the month of November, 1914, for a term beginning January 1, 1915, and ending

December 31, 1917, or until his successor should be elected or appointed and should qualify. The defendant Downie, on or about January 1, 1915, duly qualified and entered upon the discharge of his duties as superintendent of the poor of the county of Sullivan. In the month of December, 1914, the defendant Globe Indemnity Company, and the defendant Cornelius E. Downie, pursuant to the requirements of law and the direction of the board of supervisors of the county of Sullivan, gave a bond to the said county of Sullivan in the penal sum of $10,000, conditioned that the said defendant Downie should perform all the duties incumbent upon him by reason of his election as county superintendent of the poor of said county, and honestly account for the money coming into his hands as county superintendent of the poor, according to law.

The defendant Downie evolved a plan for fraudulently misappropriating the moneys of the said county of Sullivan during his term of office. Besides holding the official position of county superintendent of the poor, he was also the agent of the New York, Ontario and Western Railroad Company at Mamakating in the county of Sullivan and likewise the agent of the Adams Express Company at the same point.

The defendant Downie being indebted from time to time to the said corporations and perhaps to other corporations would draw an order directing the treasurer of the county of Sullivan to pay to the order of some fictitious person, to whom neither the county of Sullivan nor said Downie was indebted for any service, a certain sum of money out of the poor funds of said county, purporting to be in payment for supplies for the county alms house and would sign the said order, adding the title of the office of superintendent of the poor of the county of Sullivan, and would then indorse the order on the back thereof with the name of the fic-

titious payee and would forward said order thus indorsed to the said corporations and obtain credit therefor upon his indebtedness, and the said corporations after receiving said order would give the defendant Downie credit for the same and then indorse said order and present the same to the treasurer of Sullivan county, who paid the same. These operations continued for a considerable space of time before the wrong-doing of the defendant Downie was discovered and 100 of these fictitious orders were issued, amounting in the aggregate to something over $10,000.

The county of Sullivan brings a separate action against the defendant Globe Indemnity Company, in which action Downie was united as a party defendant, upon its surety bond, as aforesaid, to recover the amount of each of the said fictitious orders, or 100 actions in all. The plaintiff says in its application to the court for judgment No. 1, that this is not one of the causes of action set forth in section 420 of the Code of Civil Procedure and that therefore the county clerk of the county of Sullivan upon default cannot enter judgment pursuant to the provisions of section 1212 of the Code of Civil Procedure, and that by reason of said fact under the provision of subdivision 1 of section 3251 of the Code of Civil Procedure, he is entitled to twenty-five dollars costs and in addition, if the defendant does not consent to the entry of judgment and compels the plaintiff to produce his witnesses and prove his case, that the plaintiff is entitled to a trial fee of thirty dollars.

The plaintiff's complaints were verified. The, defendant Downie does not defend the actions and as the court understands it from the argument of counsel is now confined in the state prison at Dannemora, N. Y., as the result of a trial upon indictment for the aforesaid larcenies of the funds of the county of Sulli-

van. The defendant Globe Indemnity Company does not dispute its liability to pay the sum of $10,000, being the penalty of the bond, but says that the cause of action set forth in complaint No. 1, which was the cause of action where the plaintiff applied for judgment to the court, and in which cause of action the amount of Downie's defalcation was $202.40, is a cause of action specified under section 420 of the Code of Civil Procedure and that the clerk is authorized to enter judgment upon the verified complaint where no answer is interposed, as was this case, without application to the court, and that the amount of the taxable costs is $15 and disbursements. The defendant Globe Indemnity Company has made a motion to consolidate the other ninety-nine actions with action No. 1, stating that they do not desire to defend any of the said actions and that the only contest that they make is as to the amount of costs that they are liable to pay.

The fact that the breach of the contract was the tortious and criminal acts of the defendant Downie does not change the nature of the liability of the defendant Globe Indemnity Company. Its liability arose from the execution of the indemnity bond. In the case of *City Trust, Safe Deposit & Surety Co.* v. *American Brewing Co.,* 182 N. Y. 285, it appears that in a former action brought against the plaintiff, the City Trust, Safe Deposit and Surety Company of Philadelphia, to recover upon a surety bond given by the said City Trust, Safe Deposit and Surety Company of Philadelphia, and by one Kurtz to enable the said Kurtz to procure a certificate permitting Kurtz to engage in the business of trafficking in liquors, Kurtz maintained gambling devices upon the premises in violation of the statute and an action was brought to recover the penalty of the bond. Recovery was had and afterwards the defendant in that action, the

City Trust, Safe Deposit and Surety Company of Philadelphia, upon discovery that Kurtz was an employee of defendant American Brewing Company, brought an action against the American Brewing Company to recover the amount that it had been compelled to pay by reason of the action brought against it on the surety bond, and the court, commencing at page 292 of the opinion, says: "We are of the opinion that the cause of action set forth in the complaint is a breach of contract.  *  *  *  It is true that Parker, Ch. J., in delivering the opinion of this court, in which the order of the Appellate Division granting a new trial was affirmed (174 N. Y. 486), called certain acts torts and the violators wrongdoers. But in these expressions he had reference to the acts complained of, of maintaining a gambling device upon the premises in violation of the statute, which was not only a tort but an offense punishable under our penal statute.  *  *  *  The cause of action alleged in the complaint, being upon contract, we think the items of damages claimed therein were liquidated and were assessable before the clerk or before the court below, under the provisions of section 194, to which we have called attention."

Section 420 of the Code of Civil Procedure, after setting forth the cases in which judgment may be taken without application to the court says, further: "This section includes a case, where the breach of the contract, set forth in the complaint, is only partial; or where the complaint shows that the amount of the plaintiff's demand has been reduced by payment, counterclaim, or other credit."

The plaintiff having pleaded a cause of action upon the surety bond of the defendant Globe Indemnity Company, showing that the breach of the contract set forth in the complaint is only partial, under the

23

authority of *City Trust, Safe Deposit & Surety Co.* v. *American Brewing Co., supra,* pleads a cause of action upon contract and upon which the damages were liquidated and were assessable before the clerk. It, therefore, follows that the application to the courts for judgment is unnecessary and that the amount of costs that the plaintiff is entitled to is the sum of fifteen dollars and disbursements.

It is not necessary in a decision of the motion for consolidation to decide whether there are 100 causes of action or only one cause of action and this court expressly does not decide that point. Assuming there are 100 causes of action they all arise upon contract and were between the same parties and all had accrued prior to the bringing of the first action and there is no reason apparent to this court why they should not all have been united in one action.

All the causes of action are essentially the same, involve the same parties, arise out of the same transactions, are based upon the same contract and to a large extent are to be proved by the same evidence. They could be all joined and, therefore, consolidation will be enforced to prevent harassment of the defendant, particularly where it is shown that no defense is intended. *Dunning* v. *Bank of Auburn,* 19 Wend. 23. In that case the court says: "The affidavit should state, either that no defense is intended, or that the defense will be substantially the same in both." And this case is cited and approved in the case of *Posner* v. *Rosenberg,* 153 App. Div. 254. The defendant Globe Indemnity Company, in its moving papers for consolidation at folio six, says: "That defendant, Globe Indemnity Company, does not intend to defend any of said suits and has already defaulted in answering action No. 1, and an application for judgment therein is now pending before this court."

In *Miller* v. *Baillard,* 124 App. Div. 555, the court in referring to section 817 of the Code of Civil Procedure says: " I think the purpose of the statute was to prevent a plaintiff from harassing a defendant by prosecuting different suits for causes of action which could be joined." It, therefore, follows that the causes of action should be consolidated.

The plaintiff insists strenuously that if consolidation is granted the costs accrued in each action up to the date of the consolidation would have to be imposed as a condition of the consolidation and in support of that contention cites the case of *Frank Brewing Co.* v. *City of New York,* 19 App. Div. 628, and the case of *Goepel* v. *Robinson Machine Co.,* 118 id. 160. I do not think that either of these cases is in point or controlling in the decision of this motion. In the case of *Frank Brewing Co.* v. *City of New York,* five actions were brought by the plaintiff against the mayor, aldermen, etc., of the city of New York to recover back different sums of money, representing the proportionate shares of excise license fees paid by the plaintiff's several assignors for liquor licenses for the unexpired terms, which said licenses had to run after June 30, 1896, on which day, according to the provisions of the Liquor Tax Law, said licenses became inoperative. The defendants appeared in each action and obtained numerous extensions of time to plead; and a stipulation was entered into in each that short notice of trial be accepted, and that issue should be of the original date. Several months after the commencement of the actions, answers were filed and were never withdrawn. Thereafter, on an affidavit that there was no defense, and on the defendant's motion, an order was made consolidating the actions and allowing the plaintiff but one bill of costs in the five actions,

from which order the plaintiff appealed, and under the circumstances of that case the court reversed the order in so far as the same denied the plaintiff the right to tax the costs that had accrued up to the time of the making of the motion. This decision was handed down June 18, 1897; the Appellate Division in the same department, March 8, 1907, in the case of *Goepel* v. *Robinson Machine Co.,* modified an order consolidating an action in the City Court with an action in the Supreme Court in which action an attachment granted in the City Court had been vacated and a consolidation order granted without costs; and under the circumstances of that case the court in modifying the order allowed the plaintiff the costs in the City Court action and struck out the provision vacating the attachment granted in the City Court.

In February, 1912, the Appellate Term of the Supreme Court in the city of New York, in the action of *Shea* v. *Oussani,* 133 N. Y. Supp. 1075, modified a consolidation order where there were four actions on four separate promissory notes all past due at the time of the commencement of the first action, in which the plaintiff was granted the right to tax costs and disbursements in all actions to date. The court says: " The imposing of terms upon defendant was therefore improper; also the provision that, if successful, the plaintiff should be entitled to tax costs in all four actions."

It therefore, follows that defendant's motion to consolidate actions Nos. 2 to 100 inclusive must be granted without costs. All the pleadings in the said actions stand as the pleading in the consolidated action, permitting the entry of one judgment; each of the separate items with interest being stated therein with one bill of costs. The defendant Globe Indemnity Company having permitted a default in action No. 1, said

action is not included in the consolidation order. Under the circumstances of the case no costs are allowed to the defendant in the application to the court for judgment.

Ordered acordingly.