(117 App. Div. 379)

## FABRIK SCHILLER'SCHER VERSCHLUESSE ACTIEN GESELL-SCHAFT v. NEASE.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

COSTS—SECURITY BY NONRESIDENT PLAINTIFF—TIME OF APPLICATION.

An order, requiring a nonresident plaintiff to give security for costs, not applied for before the answer was served, will not be granted, unless the defendant offers some excuse for the delay other than nonresidence or press of business.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 466.]

Appeal from Special Term, New York County.

Action by Fabrik Schiller'scher Verschluesse Actien Gesellschaft against David A. Nease. From an order denying motion to vacate order, compelling plaintiff to give security for costs, plaintiff appeals. Reversed and modified.

Argued before PATTERSON, P, J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Woolsey A. Shepard, for appellant.
Robert H. Strahan, for respondent.

PER CURIAM. The action was begun by the service of a complaint on August 30, 1906. An answer was served on October 8, 1906. The complaint alleged that plaintiff was a foreign corporation, as indeed, its name indicated. On December 22, 1906, the defendant obtained an ex parte order, requiring the plaintiff to give security for costs, and staying its proceedings until such security was given. It is settled by abundant authority in this department that a defendant waives his absolute right to require a nonresident plaintiff to give security for costs unless the order therefor is applied for before answer. Thereafter such an order becomes a matter of discretion, and will not, as a rule, be granted unless the defendant offers some reasonable excuse for not applying earlier for the order, or show some reason other than the mere fact of nonresidence why the order should be granted. In the present case nothing is shown to justify the exercise of the court's discretionary power in defendant's behalf. The only excuse given for the delay in applying for the order is the very vague and general one of pressing and important business which crowded the matter out of the mind of the defendant's attorney. This is obviously insufficient.

The order denying plaintiff's motion to vacate the order requiring the plaintiff to give security of costs will be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.