NIMCKE v. NEW YORK EVENING JOURNAL PUB. CO.

(Supreme Court, Appellate Term. February 15, 1912.)

1. COSTS (§ 112*)—SECURITY FOR COSTS—APPLICATION.
   Defendant, in order to be entitled to security for costs as a matter of right, must apply therefor before answer.
   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 463–468; Dec. Dig. § 112.*]

2. COSTS (§ 112*)—SECURITY FOR COSTS—APPLICATION—DELAY—EXCUSE.
   Where no reasonable excuse was offered for defendant's failure to apply for security for costs, because of plaintiff's nonresidence, before answer, an order granting security was not a proper exercise of discretion.
   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 463–468; Dec. Dig. § 112.*]

Appeal from City Court of New York, Special Term.

Action by Frederick Nimcke, as guardian ad litem of Frederick J. C. Nimcke, against the New York Evening Journal Publishing Company. From an order of the City Court, denying a motion to vacate

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an ex parte order requiring plaintiff to furnish security for costs, plaintiff appeals. Reversed.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Nathaniel Cohen, for appellant.

Clarence J. Shearn, for respondent.

SEABURY, J. [1] The plaintiff made the motion to vacate the order requiring him to furnish security for costs on the ground that the defendant secured the last-mentioned order after it had served its answer. The affidavit submitted on behalf of the defendant disclosed no excuse for not making the application for security for costs before the answer was served. The defendant, in order to be entitled to security for costs as a matter of right, must make the motion therefor before answer.

[2] If the defendant answers without making the motion, his right to require security rests in the discretion of the court and "will not, as a rule, be granted, unless the defendant offers some reasonable excuse for not applying earlier for the order, or shows some reason, other than the mere fact of nonresidence, why the order should be granted." Fabrik Schillerscher Verschluesse Actien Gesellschaft v. Nease, 117 App. Div. 379, 102 N. Y. Supp. 672. In the present case no fact, other than the fact of nonresidence, was shown.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion to vacate the order requiring security for costs is granted, with $10 costs. All concur.