(173 App. Div. 867)

### BELCH v. DELAWARE & HUDSON CO.

(Supreme Court, Appellate Division, First Department.   July 10, 1916.)

1. Costs ⬦136—Security—Waiver of Right—"At Any Time."
    Under Laws 1915, c. 635, amending Code Civ. Proc. § 3272, requiring the court, on due proof "at any time" by affidavit of the facts under which security for costs is required, to make an order requiring plaintiff to give such security, the defendant's right to such security is not waived by answering before moving therefor.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 531–536;  Dec. Dig. ⬦136.
    For other definitions, see Words and Phrases, First and Second Series, At Any Time.]

2. Costs ⬦106—Security—Renewal of Motion.
    An order denying a motion for security for costs from plaintiff, made after answering, but before the enactment of Laws 1915, c. 635, requiring the court to order plaintiff to give security for costs on proof "at any time" of the facts authorizing such order, does not bar the assertion of the absolute right of defendant to such security by motion after the enactment of that law.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 401, 402;  Dec. Dig. ⬦106.]

Appeal from Special Term, New York County.

Action by Joseph Belch against the Delaware & Hudson Company. From an order denying defendant's motion that plaintiff be required to give security for costs, defendant appeals. Reversed, and motion granted.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Oliver C. Reynolds, of New York City, for appellant.
Charles Goldzier, of New York City, for respondent.

SCOTT, J. The plaintiff is a nonresident, suing upon a cause of action which arose without the state. Defendant moves for security for costs. Its motion has been denied mainly because a previous mo-

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tion for the same relief was denied and no leave has been given to renew.

[1] The former motion was made in April, 1914, after defendant had answered. Since all the necessary facts existed entitling plaintiff to security, it must be assumed that the former motion was denied in consequence of the rule, which has long prevailed in this department, that a defendant by answering before moving for security for costs will be deemed to have waived his absolute right to such security, which then becomes a matter of discretion of the court, which ordinarily will not be exercised unless defendant shows some sufficient reason for not having moved before issue joined. Fabrik Schiller 'scher, etc., Gesellschaft v. Nease, 117 App. Div. 379, 102 N. Y. Supp. 672. Since the former motion was denied in this case the Legislature has amended section 3272 of the Code of Civil Procedure by expressly permitting a defendant, in a proper case, to move for security for costs "at any time." As amended the section now reads:

"When security.for costs is required to be given, the court in which the action is pending, or, except in a case specified in the last section, a judge thereof, upon due proof, *at any time*, by affidavit, of the facts, *must* make an order requiring the plaintiff" to give security for costs. Chapter 635, Laws 1915.

The obvious purpose and effect of this amendment is to abrogate the rule heretofore prevailing in this department and above expressed, so that we may no longer hold that a defendant has waived his absolute right to security merely because he has omitted to move before answering in the action.

[2] If this section had been thus amended before the former motion for security was made, such motion would undoubtedly have been granted, and we are of the opinion that the adoption of the amendment has so far changed the conditions under which the former motion was denied that such denial should not be considered as a bar to the assertion of an absolute right which the defendant now has. The amendment is equivalent to the creation of a new state of facts, which permits the renewal of the motion as a matter of right. Veeder v. Baker, 83 N. Y. 156; Haskell v. Moran, 117 App. Div. 251, 102 N. Y. Supp. 388. The amendment is merely a regulatory one, and, since no contrary intent is expressed in the amendment itself, it must be construed as operative upon litigations pending when it was adopted. Laird v. Carton, 196 N. Y. 169, 89 N. E. 822, 25 L. R. A. (N. S.) 189.

The result is that the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted. All concur.