In the Matter of the Subpœna Issued by the STATE TAX COMMISSION to SAMUEL J. WEISS, as President of the WELCO DRESS COMPANY, INC.

Supreme Court, Special Term, New York County, November 10, 1937.

*Mortimer M. Kassell* [*Paul Newman* and *Margaret Duncan* with him on the brief], for the motion.

*McManus, Ernst & Ernst* and *Joseph Siegel*, opposed.

SHIENTAG, J. This is a motion pursuant to section 171-b and section 219-a of the Tax Law, as amended, to examine a corporation by its president for the purpose of reauditing and restating the tax account. Opposition is made on three grounds: (1) That this court has already adjudicated the application adversely to the Tax Commission; (2) that section 219-a may not be made to apply retroactively; and (3) that in any event no power is given to the Commission to examine books in connection with its reaudit.

1. The decision of Mr. Justice CALLAHAN and the order entered thereon show that specific leave was granted on reargument to the Tax Commission to apply for the very relief which it now seeks. Even if such leave were not granted by the court on the Commission's prior application, it may, under the amendment to section 219-a of the Tax Law, which became effective May 22, 1937 (Laws of 1937, chap. 496, § 9), apply for an examination as a matter of right, since the amendment is equivalent to the creation of a new situation. The amendment permitted the Commission to reaudit and restate the franchise tax account of any corporation " at any time if it has reason to believe that any report on which the original audit and statement was based was wilfully false or fraudulent." There is thus granted to the Commission a new power to reaudit the tax account of a corporation, and the prior disposition may not be asserted as a bar to the absolute right now conferred and which formerly did not exist.

2. Section 219-a of the Tax Law, as amended, is applicable to this proceeding. The purpose of the section was to enable the Tax Commission in its reaudit and restatement of the account of a corporation for corporate franchise taxes to examine the officers of the corporation and to examine the books and records of the corporation. This statute is remedial in nature, and, therefore, may be made to apply to actions pending at its effective date. The change affected only the method of reauditing the account and in no way affected the tax itself, the liability of the corporation, or the manner of the imposition of the tax. (See *Belch* v. *Delaware & Hudson Co.*, 173 App. Div. 867; *Matter of Davis*, 149 N. Y. 539; *Compton & Co.* v. *Williams*, 248 App. Div. 545.)

3. In connection with its reaudit and restatement of the account, the Tax Commission may examine the books and records of the corporation. The argument of the corporation that the Commission is limited solely to a reaudit of whatever papers and reports may be in its possession is tenuous and runs counter to the very purpose of the enactment. It is difficult to understand how the Commission could property conduct a reaudit and restatement of the account if the books upon which the report was based are not made available for examination. The court is of the opinion that an agency of the State in the performance of its duty should not be curtailed in its endeavor properly to audit and reaudit accounts of a corporation with a view to determining whether proper report and return had been made to the State. On the contrary, a wide latitude should be allowed the Tax Commission in its endeavor, and to refuse it access to the books and documents of the corporation would be to frustrate the legislative intendment. The court will not lend its assistance to any such purpose.

Accordingly, the motion is granted, and the Welco Dress Company, Inc., by Samuel J. Weiss, its president, is directed to appear for examination before Spencer E. Bates, Deputy State Tax Commissioner of the State of New York, and to produce the books and records of the Welco Dress Company, Inc., for the years 1931 to 1935, inclusive. Settle order.