29335. FORRESTER, commissioner, *v.* AMERICUS OIL CO.

DECIDED FEBRUARY 19, 1942.   REHEARING DENIED MARCH 24, 1942.

*Ellis G. Arnall, attorney-general, Andrew J. Tuten, Claude Shaw, assistant attorneys-general,* for plaintiff in error.

*R. L. Maynard,* contra.

GARDNER, J.   The Americus Oil Company, suing for the use of L. W. Brown, brought an action against J. M. Forrester as commissioner of the Department of Revenue of the State of Georgia, for refund of $559.31 paid under protest by the plaintiff in discharge of an income-tax execution issued against the plaintiff as representing unpaid income tax, arising by assessment against a settlement with the United States Government of a claim against it by the plaintiff for a deficiency in the sale of linters which the Government, though under contract, had refused in 1918 to accept. Allegedly the claim was transferred to L. W. Brown in 1931, on the "proceeds" of which no income tax was paid by the Americus Oil Company for that year.   The settlement was closed with the Government by the plaintiff in 1935.   While the petition sets forth the asset in the form of a claim against the Government as arising in 1918, yet the effect of the petition is that the asset or liquidation of the claim, for tax purposes, arose since 1929, the year the income tax statute was enacted.   The defendant demurred generally and specially.   The court overruled the demurrers and the defendant excepted.

The foregoing facts considered, conceding, but not deciding, that the case was properly brought against J. M. Forrester as revenue commissioner, instead of against the State of Georgia (*Wright* v. *Forrester,* 192 *Ga.* 864, 16 S. E. 2d, 873), we think the court erred in overruling the general demurrer.   No error is assigned on the judgment overruling the special demurrers.   The petition for refund alleges (1) that when the assessment was made by the tax commissioner the tax due, if any, was barred by the statute of limitations; (2) that the tax claimed accrued in 1918, prior to the passage of the income-tax act of 1929; and (3) that the claim for income tax was based on capital assets and not on taxable income. We will deal with the questions in the order stated.

■ It will be observed from the allegations of the petition that the proceeds on which the tax was based were never included in an income-tax return. Therefore, the three-year limit does not apply. It could be assessed at any time. The Code, § 92-3303(b), provides: "In the case a return is filed which fails to disclose the total income from all sources, or the return is incomplete, the tax on the amount of income which is not fully disclosed together with schedules attached may be assessed at any time; or in case of failure to file a return, the tax may be assessed or a proceeding in court for collection of such tax may be begun without assessment at any time."

■ It is contended that since the Americus Oil Company kept its books on an accrual basis, and that since the sale of the linters, the proceeds of which are here in question, was in 1918, before the passage of the State income tax in 1929, the time basis for the establishing and setting up of the income was the year 1918, and not any subsequent time. This brings us to the proposition: when did the item of income accrue in this case' under the law and facts, (a) in 1918, or (b) in 1931 when the item was transferred to W. L. Brown, or (c) in 1935 when the item was reduced to judgment and collected? Since there has been in force an income-tax act since 1929, as we view the case, it makes no difference whether the item accrued in 1931 or 1935, since the amount which might have been paid by Brown is not shown to have been less than the settlement of the Government. If the item was subject to income tax by reason of being an item of income subject to assessment under the income-tax act of 1929, as amended, and accrued since the passage of that act, since not being barred under the terms of the statute it can not be recovered as a refund whether it accrued as such in the year 1931 or in 1935. Not having been reported as income in any year since the passage of said act of 1929, if it accrued since the passage of that act the commissioner is entitled to prevail. If it accrued prior thereto, the Americus Oil Company is entitled to prevail. Did the item accrue in 1918 or prior to 1929? The subject matter of the item grew out of a sale by the Americus Oil Company to the United States Government of certain linters derived from cotton seed in the course of the company's business. The Government declined to accept the linters. They were sold. The item in question represents the difference between the contract price and

the price for which the linters were sold. A claim for this difference was made against the Government. A suit was instituted for recovery against the Government. Finally a judgment was obtained, and paid in 1935. During the meantime in 1931 the Americus Oil Company did not report the proceeds received from Brown for the claim against the Government and did not report the proceeds collected on the judgment.

So far as the item under the claim against the Government is concerned it did not accrue until the amount was fixed by the judgment. In Finucane v. U. S., 21 Fed. Supp. 122, the court held: "An item of income 'accrues' when all events have occurred which fix its amount and determine the liability of the party from whom it is forthcoming to pay."

■ It is finally contended that the item sought to be taxed is capital assets and not taxable income. We think this position of the claimant is untenable. We are convinced, from a study of the revenue act as contained in Code §§ 92-3107-92-3110, 92-3113 as amended, that the claim here involved is for funds derived from inventory as distinguished from capital assets. Thus applied, inventory includes property held for sale to customers in the ordinary course of trade or business. This seems to be the view as defined by the Federal income-tax statutes. See Federal Income & Estates Tax Laws, by Barton & Browning, 199. Generally for income-tax purposes capital assets imply permanency of investment, plants, equipment, and the like, and inventory only temporary investments for products, material, and the like, consumed in the course of processing. We find nothing in our statutes to warrant a contrary view.

The court erred in overruling the general demurrer.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*