33257. REDWINE, Commissioner, *v.* ARVANITI.

DECIDED JANUARY 27, 1951.

*Eugene Cook, Attorney-General, Robert E. Andrews,* for plaintiff.

*Mixon & Forrester,* for defendant.

WORRILL, J. Charles D. Redwine, Commissioner of Revenue, filed a petition against Tim Arvaniti in Crisp Superior Court, and alleged as follows: 1. On April 28, 1950, your petitioner made formal demand on the defendant, pursuant to authority contained in § 92-3213 of the Georgia Code of 1933. 2. The defendant by its attorneys has declined to comply with the request of your petitioner, the Commissioner of Revenue, for an examination of any books, papers, records, or memoranda bearing upon matters relative to the correctness of the defendant's income tax returns for the years 1940, 1941, 1942, 1943, 1944, and 1945. 3. Upon further demand by your petitioner, the defendant has declined and continues to decline, in writing, to produce the aforementioned books, papers, records, or memoranda. And the petitioner prayed that the defendant be required to show cause why he should not surrender said papers, books, memoranda, etc., as demanded.

The defendant, before filing his answer, filed a general demurrer to the petition, as follows: 1. Said petition as a whole sets forth no cause of action. 2. Said petition as a whole is demurred to generally, for the reason that the statute of limitations of 3 years had run on each and every one of the years set forth, towit, 1940-1945, inclusive, prior to the commencement of the action and the filing of the petition, so that no cause of action will lie in any single paragraph of the petition, nor will the allegations of the petition as a whole support a cause of action.

The defendant filed his answer to the petition, as follows: 1. Par. 1 of said petition is admitted. 2. Par. 2 is admitted. 3. Par. 3 is admitted. 4. For further answer, the defendant shows that the 3-year statute of limitations for each of the years 1940-1945 has expired; that for the latest of said years, towit, 1945, the statute of limitations expired on March 15, 1949, more than a year before the filing of the petition, and for each of the other designated years in like manner, and therefore no cause of action will lie under the allegations set forth in the plaintiff's petition.

The case came on for hearing on July 6, 1950, before the court sitting without a jury, upon the defendant's general demurrer, answer and plea in bar, particularly setting up the statute of limitations relative to deficiency assessments (Ga. Code, Ann., § 92-3303) as a defense. The trial judge entered an order sustaining the demurrer and the plea in bar, which set up the statute of limitations above set forth, and dismissing the petition. To the judgment sustaining these defenses and dismissing his case, the plaintiff duly filed his bill of exceptions.

In this case the record presents the following question for decision: Is there any statute of limitations governing the time during which the Revenue Commissioner of Georgia may legally demand all books, papers, memoranda, and other data relative to income tax returns, and if so, what is the length of such limitation? The position of the plaintiff in error is that the statute of limitations relating to deficiency assessments has no application as to the provision in the Georgia Code Annotated, § 92-3213, conferring authority upon the plaintiff in error to demand books, papers, memoranda, and other data relative to income tax re-

turns; and that the plaintiff in error is not precluded by the passage of time from making an investigation of taxpayer's records in order to ascertain the correctness ·of any return filed by the taxpayer. The position of the defendant in error is that there is a definite limitation as to the time during which an individual or a corporation may legally be required to produce all of his or its records, and that such period is 3 years, as set forth in Code § 92-3303. The Commissioner of Revenue has a right of action to compel the inspection and examination of records and memoranda, as distinguished from the right of assessment and collection of taxes. The Commissioner of Revenue's demand and the defendant's refusal to supply information or exhibit records created the action here asserted. The petition shows said demand and refusal.

Section 92-3213 of the Ga. Code Annotated created the right of the Commissioner of Revenue to have access to records, memoranda, etc., of a taxpayer for the purpose of examination; and § 92-3214 provided the remedy for the enforcement of such right. Section 92-3213 gives the Commissioner of Revenue the right to " . . examine any books, papers, records, or memoranda . ." for the purpose of (1) "Ascertaining the correctness of any return under this or any prior law," and (2) "of making a return where none has been made." Section 92-3214 of the Code confers jurisdiction upon the superior court to compel testimony or compel the production of records and memoranda, etc., from any person required by the income tax laws to pay any tax, make any return, supply any information or exhibit any books, "whether with reference to their own returns or not." In this connection see the cases of Weyerhaeuser Timber Co. v. Galloway, 168 Ore. 85 (121 Pac. 2d, 469) ; In re Weiss, 165 Misc. 627 (300 N. Y. Supp. 585).

Section 92-3303 (a) provides a statute of limitations of 3 years from the date of filing the return, in which an assessment must be made; and the section further provides that the situations in § 92-3303 (b) will be exceptions to the period of limitation; and the defendant relies on that Code section. A limitation on the commissioner's right to compel records, etc., for examination is not expressed in the statute, but Code § 92-3303 (b) renders necessary the commissioner's right to compel records, otherwise excep-

tions from limitations would be unenforceable. The exceptions to the period of limitations placed on the assessment and collection of taxes are: (1) any tax return which fails to disclose total income; (2) any incomplete return; and (3) where no return has been filed. The limitation is applicable only to returns which contain all required information. Information may be applied improperly in calculating the tax liability, but after three years, if all required information is included in the return, the commissioner is barred. However, where the return does not give full information which is required, the statute will not run. The case of *Forrester* v. *Americus Oil Co.*, 66 *Ga. App.* 743 (19 S. E. 2d, 328), holds that income not reported was not barred by any period of limitation. The period of limitation is only applicable to the assessment and collection of taxes, and not to the right of examination of records. See, in this connection, *State Revenue Commission* v. *Edgar Bros. Co.*, 185 *Ga.* 216, 220 (194 S. E. 505). All statutes of limitation, being in derogation of common law, are to be strictly construed. See *Brinsfield* v. *Carter*, 2 *Ga.* 143; *Georgia R. & Bkg. Co.* v. *Wright*, 124 *Ga.* 596, 619 (53 S. E. 251). The period of limitation is applicable strictly to assessment and collection.

The plea in bar is not a defense apart from the demurrer, and adds nothing more by way of defense than was raised by the general demurrer. See *Smith* v. *Central of Ga. R. Co.*, 146 *Ga.* 59 (90 S. E. 474).

For the reasons hereinbefore stated, the court erred in sustaining the general demurrer and plea in bar and in dismissing the petition.

*Judgment reversed. Sutton, C.J., and Felton, J., concur.*